

October 18, 2019

**VIA ECF**

The Honorable Louis L. Stanton
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Orrick, Herrington & Sutcliffe LLP
222 Berkeley Street
Suite 2000
Boston, MA 02116-3740

+1 617 880 1800

**orrick.com**

R. David Hosp

E  dhosp@orrick.com
D  +1 617 880 1886
F  +1 617 880 1801

Re:   *American Broadcasting Companies, Inc. et al. v. David R. Goodfriend et al.*,
No. 19-cv-7136-LLS

Dear Judge Stanton:

We represent Defendants and Counterclaim-Plaintiffs David R. Goodfriend ("Mr. Goodfriend") and Sports Fans Coalition NY, Inc. ("SFCNY") (together, "Defendants") in the above-referenced matter. Pursuant to Rule 2A of Your Honor's Individual Rules, we write to request a pre-motion conference concerning Mr. Goodfriend's anticipated motion for summary judgment of no liability, pursuant to New York Not-For-Profit Corporation Law § 720-a.

As set out in full in Defendants' answer and counterclaims (Dkt. No. 29), this is a copyright infringement case involving Locast, a public service operated by SFCNY, a 501(c)(3) non-profit corporation, that provides access to local television broadcast signals over the internet to American consumers in thirteen cities. Mr. Goodfriend, who has a decades-long history of commitment to consumer advocacy and public service, founded SFCNY and currently serves as the unpaid President and Treasurer of SFCNY and is an unpaid member of the Board of Directors of SFCNY.

Plaintiffs' copyright infringement claims against SFCNY and Mr. Goodfriend are objectively baseless and constitute an unlawful sham. This case involves the application of unambiguous statutory language. Specifically, the Copyright Act, 17 U.S.C. § 111(a)(5), provides that "it is not an infringement of copyright" when a "non-profit organization" makes a secondary transmission of a performance of a copyrighted work, "without any purpose of direct or indirect commercial advantage, and without charge to the recipients of the secondary transmission other than assessments necessary to defray



the actual and reasonable costs of maintaining and operating the secondary transmission service."  Locast fits squarely within this Congressionally-designated exception.

Additionally, Plaintiffs' claims against Mr. Goodfriend in his personal capacity are impermissible as a matter of law.  This personal immunity is set out clearly in New York Not-For-Profit Corporation Law § 720-a, which provides in relevant part:

> [N]o person serving without compensation as a director, officer or trustee of a corporation, association, organization or trust described in section 501(c)(3) of the United States internal revenue code shall be liable to any person other than such corporation, association, organization or trust based solely on his or her conduct in the execution of such office unless the conduct of such director, officer or trustee with respect to the person asserting liability constituted gross negligence or was intended to cause the resulting harm to the person asserting such liability.

None of the relevant, material facts as to Mr. Goodfriend's immunity from liability can be in dispute here.

***First***, SFCNY is a tax-exempt non-profit charitable organization under United States Internal Revenue Code Section 501(c)(3), incorporated under the Not-For-Profit Corporation Law of the State of New York.  These facts are established by public filings, including SFCNY's 990-EZ tax return form and its incorporation documents, and cannot be disputed.[1]  Additionally, Plaintiffs concede that SFCNY "is incorporated as . . . a charitable organization under the laws of the State of New York."  Compl. ¶ 28.

***Second***, Mr. Goodfriend serves without compensation as the President and Treasurer of SFCNY and a member of the Board of Directors of SFCNY.  Plaintiffs concede that Mr. Goodfriend is an officer and director in their Complaint (at ¶ 28), and the fact that he is unpaid is publicly available and cannot be disputed.[2]

---

[1] *See, e.g.*, Dkt. No. 29 (Exhibits 6-8,10, 11).
[2] *See, e.g.*, *id.* at Exhibits 7, 10.



***Third***, it is undisputed that Mr. Goodfriend's alleged conduct at issue in the case is based solely on his execution of his roles as an uncompensated director and officer. Plaintiffs have not even asserted otherwise in their Complaint.  *See, e.g.*, Compl. ¶¶ 9, 40, 52, 64, 66, 76, 77.

***Fourth***, it is undisputed that Mr. Goodfriend's alleged conduct did not constitute gross negligence, nor did Mr. Goodfriend intend to cause any harm to Plaintiffs.  Again, Plaintiffs have not even asserted that Mr. Goodfriend was grossly negligent or that he intended to cause harm to Plaintiffs.  *See id.*

Under these circumstances, there can be no genuine issue as to any material fact, and Mr. Goodfriend is entitled to judgment as a matter of law.  *See, e.g.*, *Kaye v. Storm King Sch.*, No. 11 CV 3369 VB, 2015 WL 5460107, at *18 (S.D.N.Y. June 8, 2015) (granting summary judgment and dismissing the plaintiffs' claims against individual trustees where nothing in the record suggested that the defendant trustees intended to cause harm to the plaintiffs, or held a reckless disregard for or failed to exercise even slight diligence with respect to the plaintiffs' rights).[3]

Accordingly, Defendants respectfully request that the Court schedule a pre-motion conference concerning Mr. Goodfriend's proposed motion for summary judgment.

Respectfully submitted,

*/s/ R. David Hosp*

R. David Hosp

cc: All counsel of record via ECF

---

[3] *See also Babb v. Hillcrest Homeowners Ass'n, Inc.*, 765 N.Y.S.2d 920, 922 (N.Y. App. Div. 2003) (affirming grant of summary judgment, agreeing that Section 720-a shields individual homeowner association board members from liability); *Hope v. Congregation Shaaray Tefila Glens Falls New York*, 64 Misc. 3d 1233(A) (N.Y. Sup. Ct. 2019) (granting summary judgment pursuant to Section 720-a and dismissing cause of action against unpaid president of the board of directors of a 501(c)(3) organization).