LAW OFFICES
# WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.

THOMAS G. HENTOFF
(202) 569-8441
FAX (202) 824-4190
THentoff@wc.com

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

October 25, 2019

**VIA ECF**

The Honorable Louis L. Stanton
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

  Re: *American Broadcasting Companies, Inc., et al. v. Goodfriend, et al.*,
     No. 19-cv-7136-LLS

Dear Judge Stanton:

  We represent the Plaintiffs and Counterclaim-Defendants ("Plaintiffs") in the above-referenced matter.[1]  We write in response to the pre-motion conference letter submitted by Defendants David R. Goodfriend and Sports Fans Coalition NY, Inc. ("SFCNY") (collectively, "Defendants") (Dkt. No. 35).  According to the letter, one of the two Defendants, Mr. Goodfriend, anticipates filing a summary judgment motion on a specific narrow ground: the contention that a statutory state law affirmative defense, N.Y. Not-For-Profit Corporation Law § 720-a, defeats Plaintiffs' federal copyright infringement claims.  *See* Defs.' Ltr. 1 (seeking "summary judgment of no liability, pursuant to . . . § 720-a").

  That limited motion would be without merit for two basic reasons:

  First, the Supremacy Clause of the United States Constitution prevents a *state law* defense from defeating a *federal* cause of action for copyright infringement.  Under the Supremacy Clause, U.S. Const. Art. VI, cl. 2, "[i]t is familiar doctrine that the prohibition of a *federal* statute may not be set at naught, or its benefits denied, by *state* statutes."  *Sola Elec. Co. v. Jefferson Elec. Co.*, 317 U.S. 173, 176 (1942) (emphasis added).  A state law defense such as N.Y. Section 720-a cannot defeat a federal copyright claim.  *See, e.g.*, *Design Basics, LLC v. Chelsea Lumber Co.*, 2013 WL 3471142, at *4 (E.D. Mich. July 10, 2013) ("the benefits provided in the Copyright Act may not be limited or denied by a state statute").

---

[1] Plaintiffs are American Broadcasting Companies, Inc., Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, CBS Broadcasting Inc., CBS Studios Inc., Fox Television Stations, LLC, Fox Broadcasting Company, LLC, NBCUniversal Media, LLC, Universal Television LLC, and Open 4 Business Productions, LLC.

It has been recognized that the very Section 720-a defense asserted by Mr. Goodfriend is nullified by the Supremacy Clause. *See Dushane v. Leeds Hose Co. #1 Inc.*, 2016 WL 9415489, at *12 (N.D.N.Y. Feb. 22, 2016) (Section 720-a could not "preempt or otherwise erode" federal section 1983 cause of action) (quotation omitted)). Notably, all the cases cited in Defendants' letter addressed *state law* claims only. *See* Defs.' Ltr. 3 & n.3 (citing *Kaye v. Storm King Sch.*, 2015 WL 5460107, at *18 (S.D.N.Y. June 8, 2015); *Babb v. Hillcrest Homeowners Ass'n, Inc.*, 765 N.Y.S.2d 920, 922 (N.Y. App. Div. 2003); *Hope v. Congregation Shaaray Tefila Glens Falls New York*, 64 Misc. 3d 1233(A) (N.Y. Sup. Ct. 2019)).[2]

Second, even under the state law defense's terms, factual issues about Mr. Goodfriend's eligibility for the defense would preclude summary judgment: he cannot show as a matter of law that (1) his long-planned and carefully executed infringement of Plaintiffs' copyrights was not "intended to cause the resulting harm," § 720-a; *see* Edmund Lee, *Locast, a Free App Streaming Network TV, Would Love to Get Sued*, N.Y. Times (Jan. 13, 2019), *available at* ttps://www.nytimes.com/2019/01/31/business/locast-streaming-free-network-tv.html, or (2) he "serves with no compensation" at SFCNY. Plaintiffs would at a minimum be entitled to discovery under Federal Rule of Civil Procedure 56(d).[3]

Defendants created and operate a service called Locast that captures over-the-air television broadcast signals and retransmits them and the copyrighted content they carry to registered users over the internet without any license or authorization from Plaintiffs. Locast now operates in fifteen markets, having launched in Phoenix and Atlanta since this case began, and boasts of being able to reach nearly 40 million television homes across the country (while in fact its unauthorized broadcast retransmissions are available over the internet to anyone in the world). Although painting himself as a non-profit Samaritan forgoing income, Defs.' Ltr. 1, Mr. Goodfriend fails to disclose two significant facts: He receives a $104,000 salary for part-time work from a sister entity to SFCNY that he also runs, Sports Fans Coalition Inc. ("SFC"). Although he has reported equal hours worked at both organizations, in what looks like an attempt to shoehorn himself into Section 720-a, Mr. Goodfriend has simply chosen to allocate 100% of

---

[2] In *Scanlon v. Kessler*, 11 F. Supp. 2d 444, 448 (S.D.N.Y. 1998), not cited by Defendants, a court did apply the Section 720-a defense in a copyright case but in neither the opinion nor the available record is there any indication that any party brought the Supremacy Clause point to the court's attention. Thus, the case provides no reasoning to support Mr. Goodfriend's position.

[3] Although the central issue of this case is whether Defendants can avoid copyright infringement liability by establishing all the elements of the narrow exemption of Section 111(a)(5) of the Copyright Act, Mr. Goodfriend's motion is based instead entirely on the purported state law non-profit immunity. Defendants' letter nevertheless spends a paragraph reciting the far-fetched argument asserted in their Counterclaims, that Plaintiffs committed antitrust and other violations because this copyright lawsuit is so "objectively baseless" as to constitute "sham" litigation. Defs.' Ltr. 1-2. Plaintiffs' forthcoming motion to dismiss the Counterclaims, to be filed October 28, 2019, will demonstrate why their copyright case is strongly supported by the facts and the law, including Defendants' inability to satisfy a statutory affirmative defense written for over-the-air booster and translator stations that operate without any direct or indirect purpose of commercial advantage. 17 U.S.C. § 111(a)(5).

his salary to SFC instead of SFCNY.  He also acts as a paid lobbyist and consultant for satellite provider DISH Network, which seeks to reap a substantial financial windfall from the downward pressure it hopes Mr. Goodfriend's Locast service will have on retransmission consent fees.  *See* Compl. ¶¶ 8-12, 52-59 (Dkt. No. 1).

The following material issues of disputed fact would preclude summary judgment:

1.Under the Section 720-a "affirmative defense," *Meeker v. McLaughlin*, 2018 WL 3410014, at *9 (S.D.N.Y. July 13, 2018), to be immunized from liability a non-profit officer or director must show that his conduct was not "intended to cause the resulting harm" alleged, § 720-a.  Plaintiffs' Complaint alleges just such intent, seeking enhanced statutory damages for Mr. Goodfriend's personal direction of Defendants' intended and willful conduct.  Compl. ¶¶ 64, 66, 69, 78.  "Willfulness" under the Copyright Act can be established by showing, *inter alia*, a defendant was "actually aware of the infringing activity," *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005), intentional conduct that would defeat the Section 720-a defense, *see Holy Church of Virgin Mary Home for Aged in Icaria v. Pan Icarian Found.*, 951 N.Y.S.2d 86, 2012 WL 1382464, at *2 (N.Y. Sup. Ct. 2012).  Mr. Goodfriend's repeated admissions of his clear intent to exploit Plaintiffs' copyrights without authorization and his full knowledge of the infringements disqualify him from the defense, and at a minimum raise disputed factual issues.

2.Mr. Goodfriend also cannot establish as a matter of law that he operates the Locast service "without compensation," § 720-a.  He runs both SFC and SFCNY, which he describes as SFC's "local chapter."  Locast, Goodfriend Group, *available at* https://www.thegoodfriendgroup.com/locast.  According to public 990 filings, Mr. Goodfriend reports 10 hours a week of work at both SFC and SFCNY.  He pays himself $104,000 a year at SFC while purporting to go unpaid at SFCNY.  *See* Countercl. Ex. 10 at 3 (ECF No. 29-10).  For purposes of the § 720-a analysis, some portion of the SFC compensation should be imputed to Mr. Goodfriend's work for SCFNY.  At a minimum, his choosing the buckets in which he deposits his income raises questions about his compensation that should be the subject of discovery.  And the compensation he receives as a DISH Network lobbyist while advancing DISH's commercial goals via Locast, and any paid consulting he or his for-profit companies do for Locast, are also subjects for discovery.  *See Meeker*, 2018 WL 3410014, at *9 (Section 720-a defense requires individual be uncompensated).

Plaintiffs would be entitled to discovery to oppose the motion, which Plaintiffs would specify in detail under Fed R. Civ. P. 56(d) if the motion were filed.

For the reasons stated above, Mr. Goodfriend's motion would be without merit.

Respectfully submitted,

*Thomas G. Hentoff*

Thomas G. Hentoff

cc:  All counsel of record via ECF

3