LAW OFFICES

## WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

GERSON A. ZWEIFACH
(202) 434-5534
gzweifach@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

October 31, 2019

**VIA ECF**

The Honorable Louis L. Stanton
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *American Broadcasting Companies, Inc., et al. v. Goodfriend, et al.*,
            No. 19-cv-7136-LLS

Dear Judge Stanton:

      We represent the Plaintiffs and Counterclaim-Defendants ("Plaintiffs") in the above-referenced matter.[1] Pursuant to Local Civil Rule 37.2 and Rule 2A of Your Honor's Individual Practices, we write to request a pre-motion conference concerning Plaintiffs' anticipated Fed. R. Civ. P. 26(c) motion to stay discovery on Defendants David R. Goodfriend and Sports Fans Coalition NY, Inc.'s ("SFCNY") (collectively, "Defendants") Counterclaims pending the Court's ruling on Plaintiffs' Motion to Dismiss.

      Plaintiffs brought this copyright action to challenge Locast's ongoing unauthorized retransmission of Plaintiffs' copyrighted programming in television markets covering nearly 40 million TV homes. Plaintiffs' Complaint explained why the Copyright Act exemption at 17 U.S.C. § 111(a)(5) does not excuse Defendants' wholesale infringement of Plaintiffs' copyrights. The issue presented by the copyright case before the Court is well-defined.

      Defendants did not move to dismiss Plaintiffs' Complaint. Rather, Defendants responded with antitrust counterclaims premised on three implausible conspiracy theories: first, that the broadcast industry has been colluding for decades to limit broadcast signals in an effort to create

---

[1] Plaintiffs are American Broadcasting Companies, Inc., Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, CBS Broadcasting Inc., CBS Studios Inc., Fox Television Stations, LLC, Fox Broadcasting Company, LLC, NBCUniversal Media, LLC, Universal Television LLC, and Open 4 Business Productions, LLC.

WILLIAMS & CONNOLLY LLP

The Honorable Louis L. Stanton
October 31, 2019
Page 2

the need for pay-TV platforms which must, by Acts of Congress, pay retransmission consent fees; second, that Plaintiffs conspired to intimidate potential supporters of Defendants; and third, that Plaintiffs' copyright action is an illegal sham, so objectively baseless that it is itself an antitrust violation outside the broad protection of *Noerr-Pennington* immunity.

On October 28, 2019, Plaintiffs moved to dismiss Defendants' Counterclaims on the ground that none of Defendants' three conspiracy theories stated a legal claim. The motion raises pure issues of law that have served as the basis for 12(b)(6) dismissals of antitrust claims. First, even if Defendants' signal strength conspiracy allegations were not wholly conclusory—they are—and the issue of adequate signal strength were not governed by the FCC— it is—Defendants do not have standing to challenge the alleged deficiency of broadcast signals, which, according to Defendants' own Counterclaims, benefit them by creating a gap in coverage for Defendants' to fill with their internet-based service. Second, Defendants fail to state a claim based on alleged intimidation of potential business partners because (1) there is no allegation that any particular Plaintiff conspired to say or do anything to a potential business partner of Defendants and (2) there is no plausible basis for inferring a conspiracy, as each Plaintiff has every reason on its own to object to Defendants' infringement. Third, the extremely limited exception to the *Noerr-Pennington* doctrine for "sham" litigation does not apply to Plaintiffs' suit because, among other reasons, Defendants bear the burden of showing that the § 111(a)(5) exemption excuses their copyright infringement and there are ample reasons in the Complaint explaining why it does not.

It was no accident that *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court case that toughened the pleading standards applicable to a 12(b)(6) motion, was an antitrust case. The Court emphasized "it is only by taking care to require allegations that reach the level suggesting conspiracy that we can hope to avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the discovery process will reveal relevant evidence to support a § 1 claim." *Twombly*, 550 U.S. at 559. Plaintiffs seek a stay pending their motion to dismiss these antitrust counterclaims for the very reason that *Twombly* encouraged the district courts to scrutinize § 1 claims at the earliest stage: to avoid burdening the parties and the court with the enormous burdens of antitrust discovery if there is no antitrust case. If the parties were to proceed with antitrust discovery for months until the Court has had a chance to decide the motion to dismiss, then Defendants will have substantially achieved their apparent objective of encumbering and slowing Plaintiffs' enforcement of their copyrights.

Fed. R. Civ. P. 26(c) provides this Court discretion to stay discovery where, as here, there is "good cause." Courts consider three factors when deciding whether there is "good cause" to stay discovery pending a motion to dismiss: (1) the strength of the underlying motion, (2) the breadth of discovery sought and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay. *See Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).

WILLIAMS & CONNOLLY LLP

The Honorable Louis L. Stanton
October 31, 2019
Page 3

      Each factor weighs in favor of a stay here. First, as described above, Plaintiffs have "substantial arguments for dismissal." *Hong Leong Fin. Ltd. (Singapore)*, 297 F.R.D. at 72-75 (staying discovery pending defendants' "seemingly strong motion to dismiss"); *Picture Patents, LLC v. Terra Holdings LLC*, 2008 WL 5099947, at *2 (S.D.N.Y. Dec. 3, 2008) (granting stay where defendants' arguments appear to be substantial). Second, discovery related to Defendants' antitrust counterclaims premised on three separate conspiracy theories promises to be broad and burdensome. *See Spinelli v. Nat'l Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (granting stay in part because the number of defendants and complexity of the antitrust claims asserted indicated discovery would "be broad and significant"). This is especially true with respect to Defendants' signal strength conspiracy allegations, which span decades. *See O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at *8 (S.D.N.Y. Apr. 26, 2018) (granting stay in part because discovery would span many years); *Integrated Sys. & Power, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (same).

      Third, Locast is not prejudiced by the stay. "A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Spinelli*, 2015 WL 7302266, at *2. The parties can productively spend their time litigating the well-defined issue presented by the copyright suit.

      For the reasons stated above, we request Your Honor schedule a conference with the parties regarding Plaintiffs' anticipated Motion to Stay Discovery on Defendants' Counterclaims.

Respectfully submitted,

Gerson A. Zweifach

cc:    All Counsel of Record via ECF