UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/31/20

AMERICAN BROADCASTING COMPANIES, INC., DISNEY ENTERPRISES, INC., TWENTIETH CENTURY FOX FILM CORPORATION, CBS BROADCASTING INC., CBS STUDIOS INC., FOX TELEVISION STATIONS, LLC, FOX BROADCASTING COMPANY, LLC, NBCUNIVERSAL MEDIA, LLC, UNIVERSAL TELEVISION LLC, and OPEN 4 BUSINESS PRODUCTIONS, LLC,

Plaintiffs/Counterclaim Defendants,

v.

DAVID R. GOODFRIEND and SPORTS FANS COALITION NY, INC.,

Defendants/Counterclaim Plaintiffs.

No. 19-CV-7136 (LLS)

LLS

~~[PROPOSED]~~ SCHEDULING ORDER

The parties jointly submit this proposed Scheduling Order in accordance with this Court's October 1, 2019 Order for Conference Pursuant to Rule 16(b) (Dkt. No. 31), and the Court's guidance provided at the November 1, 2019 Initial Scheduling Conference.

1. **Date of the Conference and Appearances for the Parties:**

The Initial Scheduling Conference was held on January 31, 2020 at 3:00 p.m. in courtroom 21C at 500 Pearl Street, New York, NY 10007. The following appearances are to be noted:

A. For Plaintiffs/Counterclaim Defendants American Broadcasting Companies, Inc., Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, CBS Broadcasting Inc., CBS Studios Inc., Fox Television Stations, LLC, Fox Broadcasting Company,

LLC, NBCUniversal Media, LLC, Universal Television LLC, and Open 4 Business Productions, LLC ("Plaintiffs"):

Gerson A. Zweifach
Thomas G. Hentoff
Williams & Connolly LLP

B. For Defendants/Counterclaim Plaintiffs David Goodfriend ("Mr. Goodfriend") and Sports Fans Coalition NY, Inc. ("SFCNY") ("Defendants"):

R. David Hosp
Elizabeth E. Brenckman
Orrick, Herrington & Sutcliffe LLP

**2. A Concise Statement of the Issues as They Now Appear:**

The parties identify the following as the principal liability issues presented at this time:

A. Whether Defendants—whose Locast service publicly performs Plaintiffs' copyrighted works without authorization by retransmitting the signals of broadcast television stations over the internet—have a valid defense to Plaintiffs' copyright infringement claims under the following exemption in the Copyright Act: "The secondary transmission of a performance . . . of a work embodied in a primary transmission is not an infringement of copyright if . . . . the secondary transmission is not made by a cable system but is made by a governmental body, or other nonprofit organization, without any purpose of direct or indirect commercial advantage, and without charge to the recipients of the secondary transmission other than assessments necessary to defray the actual and reasonable costs of maintaining and operating the secondary transmission service." 17 U.S.C. § 111(a)(5).

B. Whether Mr. Goodfriend has a valid defense to Plaintiffs' copyright infringement claims, including under the following provision of N.Y. Not-For-Profit Corporation Law: "no person serving without compensation as a director, officer or trustee of a corporation,

association, organization or trust described in section 501(c)(3) of the United States internal revenue code shall be liable to any person other than such corporation, association, organization or trust based solely on his or her conduct in the execution of such office unless the conduct of such director, officer or trustee with respect to the person asserting liability constituted gross negligence or was intended to cause the resulting harm to the person asserting such liability." N.Y. NPCL § 720-a.

C. Whether Mr. Goodfriend has a valid defense to Plaintiffs' copyright infringement claims, including under the Federal Volunteer Protection Act, 47 U.S.C. §§ 14501-14505.

**3. Proposed Schedule:**[1]

**A. Names of persons to be deposed and a schedule of planned depositions:**

The parties propose that fact depositions be concluded by the close of fact discovery, June 19, 2020, with the present expectation that neither side will need to take more than twenty depositions total. To the extent that additional depositions are needed, the parties will confer in good faith:

**(1) Plaintiffs:**

Plaintiffs at this time anticipate they may need to take fact depositions of witnesses including the following:

1. Defendant Goodfriend.
2. Defendant Sports Fans Coalition NY, Inc.
3. Brian Hess of Sports Fans Coalition and The Goodfriend Group.

[1] The full Proposed Schedule is shown in a chart in the attached Appendix.

4. Sports Fans Coalition, Inc.

5. Jaybird Group (30(b)(6) and/or individual deposition).

6. Other vendors providing services supporting the Defendants' Locast service.

7. DISH Network L.L.C. (30(b)(6) and/or individual deposition).

8. AT&T, Inc. and/or DIRECTV, LLC (30(b)(6) and/or individual depositions).

9. IOT Broadband, LLC (30(b)(6) and/or Michael Kelly).

10. Other entities that communicated with Defendants in connection with Defendants' requests for financial or other support, including the entities identified in Defendants' Counterclaims (30(b)(6) and/or individual depositions).

11. Additional witnesses as may be revealed in discovery.

**(2) Defendants:**

Defendants at this time anticipate they may need to take fact depositions of witnesses including the following:

1. Witnesses identified by Plaintiffs expected to testify about the broadcaster Plaintiffs' signal strength, efforts to provide broadcast coverage, and/or the role of the FCC in regulating those efforts and activities;

2. Witnesses identified by Plaintiffs expected to testify about the origins of retransmission consent and its legal and business rationale;

3. Witnesses identified by Plaintiffs expected to testify about the impact of the Locast service on negotiations for retransmission consent;

4. Additional witnesses as may be revealed in discovery.

**B. Schedule for Production of Documents:**

Production of documents shall be substantially completed by March 20, 2020.

Status conference Friday June 19, '20 at 12 noon.

C. **Dates for Expert Reports and Expert Depositions:**

Expert reports pursuant to Fed R. Civ. P. 26(a)(2)(B) on issues as to which a party bears the burden of proof shall be served by July 17, 2020. Rebuttal expert reports shall be served by August 14, 2020. Expert discovery shall be completed by September 11, 2020.

D. **Time When Discovery Is to Be Completed:**

Fact discovery shall be completed by June 19, 2020 and expert discovery shall be completed by September 11, 2020.

E., F. **Date by Which Plaintiffs Will Supply Their Pre-Trial Order Materials to Defendants and Date by Which the Parties Will Submit a Proposed Trial Order Conforming with the Court's Instructions:**

Plaintiffs will initiate the Pre-trial Procedures set forth in Section 3(A) of the Court's Individual Practices by:

__ October 23, 2020 (Plaintiffs' proposal) or __ November 20, 2020 (Defendants' proposal).

LLS

And the parties will complete preparation of the pre-trial order, including proposed voir dire questions and proposed jury instructions, as set forth in Section 3(A) by:

__ December 11, 2020 (Plaintiffs' proposal) or __ January 8, 2021 (Defendants' proposal).

G. **Final Pre-trial Conference:**

The final pre-trial conference pursuant to Fed R. Civ. P. 16(e) will take place on ________, 202_.

H. **Other Deadlines and Events:**

(1) The deadline to exchange initial disclosures pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure is February 7, 2020.

(2) The deadline to seek joinder of additional parties and amendments to the pleadings is April 10, 2020. Amended pleadings that list additional infringed works may be filed up until 30 days before the close of fact discovery.

(3) **Summary Judgment Briefing:**

**Plaintiffs' Position:** While any party may file a motion for summary judgment, the pre-trial schedule should be lengthened to include a separate briefing schedule for summary judgment motions.

**Defendants' Position:** A summary judgment briefing schedule, including *Daubert* motions directed to expert testimony supporting or opposing summary judgment, should be included now, as follows:

Parties shall serve notice by September 11, 2020 disclosing the intended use of expert testimony in declarations supporting summary judgment motions or oppositions. Motions objecting to the reliability of such experts' proposed testimony under Rule 702 of the Federal Rules of Evidence shall be filed and served by September 21, 2020. Oppositions to motions objecting to the reliability of such experts' proposed testimony under Rule 702 of the Federal Rules of Evidence shall be filed and served by September 30, 2020. Replies in support of motions objecting to the reliability of such experts' proposed testimony under Rule 702 of the Federal Rules of Evidence shall be filed and served by October 7, 2020.

The deadline to file and serve any motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is October 16 2020. Oppositions to motions for summary judgment shall be filed and served on October 30, 2020. Replies in support of motions for summary judgment shall be filed and served by November 6, 2020.

LLS

**4. Any Limitations to Be Placed on Discovery, Including Any Protective or Confidentiality Orders:**

a. The parties intend to negotiate a stipulated protective order to submit to the Court to govern protection of confidential information.

b. The parties negotiated an agreement to narrow the case in a manner consistent with the Court's guidance at the November 1, 2019 conference, which agreement contains certain agreed upon limitations on discovery consistent with the narrowing of the case. The parties will review the agreement with the Court at their next conference or at such time as becomes necessary to enforce its terms.

**5. Discovery Issues, If Any, on Which Counsel, After a Good Faith Effort, Were Unable to Reach an Agreement:**

The parties are not aware of disputed discovery issues at this stage of the case.

**6. Anticipated Fields of Expert Testimony, if Any:[2]**

**A. Plaintiffs:**

Plaintiffs at this time anticipate the following possible areas of expert testimony:

1. The technical operation of the Locast service.

2. Plaintiffs' industry.

3. The internet streaming industry, including how internet companies obtain commercial advantage.

4. Plaintiffs' efforts to disseminate broadcast signals consistent with federal regulation, and the coverage provided by Plaintiffs' broadcasts as well as the service provided by Defendants.

---

[2] This listing of parties' anticipated areas of expert testimony is without prejudice to the parties' right to challenge the opposing parties' proffered expert testimony on any grounds, including relevance.

5. The legal foundations and business rationales of retransmission consent.

6. The commercial advantages pursued by Defendants on behalf of themselves and their funders, distribution partners, and affiliates.

**B. Defendants:**

Defendants at this time anticipate the following possible areas of expert testimony:

1. Experts to respond to and/or address the topics identified for each of Plaintiffs' experts.

2. Industry experts.

3. The history and purpose of broadcast television and the rights of the public and obligations of the broadcasters.

**7. Anticipated Length of Trial and Whether to Court or Jury:**

**Plaintiffs' Position:** Plaintiffs anticipate that trial of Plaintiffs' copyright claims can be completed in eight trial days or fewer. The case will be tried to a jury.

**Defendants' Position:** Defendants anticipate that trial of Plaintiffs' copyright claims can be completed in eight trial days or fewer. To the extent that there remain any issues of fact after the conclusion of the summary adjudication phase of the case, such issues will be tried to a jury.

**8. Alteration or Amending of Scheduling Order:**

This Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires.

Dated: January 28 2020

~~R. David Hosp~~
Elizabeth E. Brenckman
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Tel: (617) 880-1886
(212) 506-3535
dhosp@orrick.com
ebrenckman@orrick.com

Mark S. Puzella (*pro hac vice*)
Sheryl Koval Garko (*pro hac vice*)
222 Berkeley Street, Suite 2000
Boston, MA 02116
Tel: (617) 880-1896
(617) 880-1919
mpuzella@orrick.com
sgarko@orrick.com

Alexander P. Okuliar (*pro hac vice*)
1152 15th Street, N.W.
Washington, D.C. 2005-1706
Tel: (202) 339-8431
aokuliar@orrick.com

*Attorneys for Defendants and Counterclaim-Plaintiffs David R. Goodfriend and Sports Fans Coalition NY, Inc.*

Thomas G. Hentoff

Gerson A. Zweifach
Thomas G. Hentoff (*pro hac vice*)
Joseph M. Terry (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC. 20005

650 Fifth Avenue
Suite 1500
New York, NY 10019

Tel: (202) 434-5000
gzweifach@wc.com
thentoff@wc.com
jterry@wc.com

*Attorneys for All Plaintiffs/Counterclaim Defendants*

Paul D. Clement (*pro hac vice*)
Erin E. Murphy (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004

Tel: (202) 389-5000
paul.clement@kirkland.com
erin.murphy@kirkland.com

*Attorneys for Plaintiffs Fox Television Stations, LLC and Fox Broadcasting Company, LLC*

On this 31st day of January, 2020,
Approved By:

Louis L. Stanton

The Honorable Louis L. Stanton
United States District Judge