**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMERICAN BROADCASTING COMPANIES, INC., DISNEY ENTERPRISES, INC., TWENTIETH CENTURY FOX FILM CORPORATION, CBS BROADCASTING INC., CBS STUDIOS INC., FOX TELEVISION STATIONS, LLC, FOX BROADCASTING COMPANY, LLC, NBCUNIVERSAL MEDIA, LLC, UNIVERSAL TELEVISION LLC, and OPEN 4 BUSINESS PRODUCTIONS, LLC, | No. 19-cv-7136 |
| Plaintiffs, | **REVISED STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |
| v. | |
| DAVID R. GOODFRIEND and SPORTS FANS COALITION NY, INC., | |
| Defendants. | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiffs American Broadcasting Companies, Inc., Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, CBS Broadcasting Inc., CBS Studios Inc., Fox Television Stations, LLC, Fox Broadcasting Company, LLC, NBCUniversal Media, LLC, Universal Television LLC, and Open 4 Business Productions, LLC ("Plaintiffs") and Defendants David R. Goodfriend and Sports Fans Coalition NY, Inc. ("Defendants"), by and through their counsel, respectfully request that the Court issue a Protective Order ("Order") to maintain the confidentiality of nonpublic and competitively-sensitive information that may need to be disclosed in connection with discovery in this case, and to guard against the waiver of attorney-client privilege and work-product protection under Rule 502(d) of the Federal Rules of Evidence.

IT IS HEREBY ORDERED THAT:

1.      As used in this Order, "Litigation Material(s)" includes: (a) documents, exhibits, answers to interrogatories, responses to requests for admissions, deposition testimony and transcriptions (including exhibits), and all written, recorded, graphic or electronically-stored matters (and all identical and non-identical copies thereof); (b) any copies, notes, abstracts or summaries of such information, and the information itself; and (c) any pleading, affidavit, declaration, brief, motion, and transcript, including exhibits to any of these, or other writing containing such information.

2.      Litigation Materials containing confidential or proprietary information, including pricing, rates, customers/subscribers, company security matters, customer lists, financial data, and other non-public commercial, financial, research, or technical information, may be designated "Confidential" by any producing party (for purposes of this Order, a "producing party" includes any non-party that produces information in connection with the above-captioned litigation

2

("Litigation")).  Litigation Materials containing trade secret or other highly valuable proprietary or confidential research, development, or commercial information, including, but not limited to, special formulas, proprietary software and/or computer programs, current or future marketing plans, current or future business plans or strategies, current or future plans for products or services, customer and subscriber data and information, vendor and/or supplier information, agreements with third parties, information regarding current or future business or financial transactions, internal financial reports or plans, current or future pricing, rates, or planning information, financial data, production data, internal notes, memoranda, logs or other data, and other highly sensitive non-public commercial, financial, research, or technical information that the producing party believes, in good faith, should be afforded a higher level of confidentiality hereunder (and subject to Paragraph 24), may be designated "Highly Confidential" by any producing party.  A subset of "Highly Confidential" Litigation Materials, containing information that is so competitively sensitive that disclosure to a party or its representatives or advisers other than outside counsel would create a substantial risk of causing the producing party competitive harm, which the producing party believes, in good faith, should be afforded the highest level of confidentiality hereunder (and subject to Paragraph 24), may be designated "Outside Counsel Only" by any producing party.

3.      All Litigation Materials provided (before or after entry of this Order) in discovery in connection with this Litigation, and the contents thereof: (a) shall be used or disclosed by the parties, their counsel, or anyone else provided with Litigation Materials pursuant to the terms of this Order, solely for the purpose of the prosecution or defense of this Litigation, including preparing for and conducting pretrial, trial, and post-trial proceedings in this Litigation, and for no other purpose; (b) shall not be used or disclosed for any business, commercial, or competitive

purpose; and (c) shall not be used or disclosed in connection with any other litigation or proceeding. In addition, Litigation Materials designated "Confidential," "Highly Confidential," or "Outside Counsel Only," and the contents thereof, shall not be disclosed other than as provided by the terms of this Order.

4.      Any Litigation Materials that the producing party disclosed to the general public prior to their production in this Litigation or during the course of this Litigation shall not be designated or treated as "Confidential," "Highly Confidential," or "Outside Counsel Only," including without limitation for purposes of the temporary treatment of produced Litigation Materials as "Confidential" as set forth in Paragraph 6.a.i.  If the receiving party can show that the Litigation Materials were already known to the receiving party or independently developed by the receiving party, the Litigation Materials may be de-designated pursuant to the provisions of this Order.

5.      Nothing in this Order affects the right of any producing party that produced Litigation Materials to use or disclose such Litigation Materials, or the contents thereof, in any way.

6.      a.      i.      Any producing party may designate Litigation Materials, or portions thereof, as confidential, highly confidential, or outside counsel only by marking them "Confidential," "Highly Confidential," or "Outside Counsel Only."  To provide the parties adequate opportunity to properly designate Litigation Materials hereunder, all Litigation Materials shall be deemed "Confidential," whether or not stamped with that legend, for fifteen (15) calendar days following their production, provided that if a party intends to use any such document at a deposition with a deponent not otherwise entitled to see the document within the fifteen (15) day

period, the parties shall work together in good faith so that the producing party will designate or de-designate the specific documents in time for use at the deposition.

ii.     The failure to designate Litigation Materials as "Confidential," "Highly Confidential," or "Outside Counsel Only" within that fifteen (15) day period shall not waive a producing party's right to later so designate such Litigation Materials with prospective effect.  If Litigation Materials claimed to be "Confidential," "Highly Confidential," or "Outside Counsel Only" were previously produced without such designation but timely re-designated, such Litigation Materials and all copies thereof shall within five (5) days of any written notice requesting their return, be returned to the designating party for such designation, destroyed, or stamped "Confidential," "Highly Confidential," or "Outside Counsel Only," as requested by the designating party (a "designating party" may include a non-party that is a producing party).  The receiving party may challenge the designation of the documents as provided in this Order, but the inadvertent production of Litigation Materials (including, without limitation, testimony) claimed to be "Confidential," "Highly Confidential," or "Outside Counsel Only" without the designation shall not constitute a waiver of confidentiality.

b.     Counsel for a deponent may invoke the protections of this Order by stating on the record during the deposition that some or all testimony given at the deposition is designated "Confidential," "Highly Confidential," or "Outside Counsel Only," or by designating the deposition transcript or portions with such designation(s) within fifteen (15) business days after receipt of the final deposition transcript. All information disclosed during a deposition shall be deemed "Confidential" for fifteen (15) business days, whether or not any portion of the transcript was so designated during the deposition, and thereafter shall be treated as "Confidential," "Highly Confidential," or "Outside Counsel Only," as applicable, if so designated. No person shall be

present during any portion of any deposition designated as provided herein, or any portion of any deposition wherein Litigation Materials designated hereunder are disclosed, unless that person is an authorized recipient of Litigation Materials containing "Confidential," "Highly Confidential," or "Outside Counsel Only" information under the terms of this Order or unless all parties agree to allow the attendance of such person.

    c. Written discovery, documents, and tangible things that meet the requirements for the confidentiality designations set forth in this Order may be so designated by placing the appropriate designation on at least the cover page of the written material prior to production, except for documents produced in native format which shall have the appropriate designation affixed on the face of the media containing the native format documentation. To the extent that documents are produced in electronic form, the addition of a confidentiality designation in the file name, or in the name of the folder or database in which the file is produced, shall be sufficient to provide notice of confidentiality and additional written notice will be unnecessary. Tangible things not produced in documentary form may be designated by affixing the appropriate designation on a cover page or label for such material and in a prominent place on the exterior of the container or containers in which the information or things are stored.

    7. The producing party designating any Litigation Materials hereunder shall, in the first instance, determine in good faith whether such Litigation Materials contain "Confidential," "Highly Confidential" or "Outside Counsel Only" information covered by this Order.  Another party may object in good faith to such designation. The objecting party and the other person(s) involved shall follow the provisions of Rule 37.2 of the Local Rules in (a) their attempt to informally resolve their designation dispute and (b) any motion practice before this Court should such dispute not be resolved informally, provided, however, that counsel, upon request from one

side, shall meet-and-confer within two (2) business days of the written communication requesting the meet-and-confer; and the responding party shall provide a responsive letter to any letter submitted to the Court within three (3) business days of receiving the moving party's letter. Any Litigation Materials, the designation of which are subject to such dispute, shall be treated as designated pending further order of the Court. The party asserting the confidentiality of any such Litigation Materials shall bear the burden of establishing that the Litigation Materials are entitled to be classified as designated.

8.      If any Litigation Materials designated hereunder are used during the course of a deposition, the portion of the deposition record containing testimony related to such information shall be designated as "Confidential," "Highly Confidential," or "Outside Counsel Only," as applicable, and access thereto shall be limited pursuant to the terms of this Order.

9.      Litigation Materials designated or treated as "Confidential," copies or extracts thereof and information contained therein, may be disclosed, given, shown, made available, or communicated only to the following (and then only for purposes of the prosecution, defense, or appeal of this Litigation):

       a.      employees of the parties provided they are deposition or trial witnesses or are otherwise actively involved in the prosecution, defense or appeal of this Litigation and have executed the attached Schedule A;

       b.      outside counsel retained by the parties to assist in the prosecution, defense or appeal of this Litigation, including employees of such counsel's firms, and any companies, independent contractors, or other litigation support service personnel with whom such counsel works in connection with this Litigation;

c.     in-house counsel for each party (and their paralegals, clerical and/or secretarial assistants), provided that such in-house counsel are actively involved in the prosecution, defense, or appeal of this Litigation;

d.     consultants and/or experts retained by counsel or a party in connection with this Litigation to whom it is necessary that "Confidential" Litigation Materials be shown for the sole purpose of assisting in, or consulting with respect to, this Litigation, and only upon their agreement to be bound by this Order evidenced by execution of the attached Schedule A;

e.     any person expressly identified in any "Confidential" Litigation Materials as an author or a recipient, or as to whom it is shown (prior to reviewing the materials) the person has personal knowledge of "Confidential" Litigation Materials;

f.     any person employed by the party that produced the "Confidential" Litigation Materials;

g.     the Court in this Litigation, and any members of its staff to whom it is necessary to disclose "Confidential" Litigation Materials for the purpose of assisting the Court in this Litigation;

h.     stenographers, videographers, and court reporters recording or transcribing testimony relating to this Litigation;

i.     personnel employed by anyone providing a receiving party with document litigation support, graphics, translation, design, and/or trial consulting services to whom disclosure is reasonably necessary for this

litigation, provided that such personnel are not an officer, director, or employee of the receiving party;

j.      any mediator assigned to hear this matter and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order;

k.      mock jurors who have executed the attached Schedule A agreeing to be bound by the terms and conditions of this Order (said signed acknowledgment for mock jurors need not be provided to counsel for any other party); and

l.      other persons only upon written consent of the producing party (which agreement may be recorded in a deposition or other transcript) or upon order of the Court issued after affording the producing person due notice and an opportunity to be heard.

10.     Litigation Materials designated or treated as "Highly Confidential," copies or extracts thereof, and information contained therein, shall be treated as "Attorneys' Eyes Only" and may be disclosed, given, shown, made available, or communicated to only the following (and then only for purposes of the prosecution, defense, or appeal of this litigation):

a.      outside counsel retained by the parties to assist in the prosecution, defense, or appeal of this Litigation, including employees of such counsel's firms, and any companies, independent contractors, or other litigation support service personnel with whom such counsel works in connection with this Litigation;

b.   up to four (4) in-house counsel for each party (i) who are primarily responsible for overseeing the prosecution, defense or appeal of this Litigation on behalf of the party he or she represents, (ii) who agree not to disclose any "Highly Confidential" Litigation Materials to in-house attorneys not responsible for overseeing the prosecution, defense or appeal of this Litigation on behalf of the party he or she represents, and (iii) who have been disclosed to the opposing party without objection within three (3) business days after such disclosure.  If the opposing party does object, the parties shall follow the dispute resolution procedures (including applicable timetables for the same) set forth in Paragraph 12 below.  Any in-house counsel identified in this Paragraph who leave their company may be replaced by an additional in-house counsel, subject to this Paragraph's provisions.

c.   outside consultants and/or experts retained by counsel or a party in connection with this Litigation to whom it is necessary that "Highly Confidential" Litigation Materials be shown for the sole purpose of assisting in, or consulting with respect to, this Litigation, and only upon their agreement to be bound by this Order evidenced by execution of the attached Schedule A;

d.   any person expressly identified in any "Highly Confidential" Litigation Materials as an author or a recipient, or as to whom it is shown (prior to reviewing the materials) the person has personal knowledge of "Highly Confidential" Litigation Materials;

e.     any person employed by the party that produced the "Highly Confidential" Litigation Materials;

f.     the Court, and any members of its staff to whom it is necessary to disclose "Highly Confidential" Litigation Materials for the purpose of assisting the Court in this Litigation;

g.     stenographers, videographers and court reporters recording or transcribing testimony relating to this Litigation;

h.     other persons only upon written consent of the producing party (which agreement may be recorded in a deposition or other transcript) or upon order of the Court after affording the producing person due notice and an opportunity to be heard.

11.    Litigation Materials designated or treated as "Outside Counsel Only" shall be disclosed, given, shown, made available, or communicated only in the manner set forth in Paragraph 10 applicable to "Highly Confidential" Litigation Materials, with the following exception: while the other individuals identified in Paragraph 10 shall have access to unredacted copies of "Outside Counsel Only" Litigation Materials, the in-house counsel identified in Paragraph 10b shall have access to only a version of the materials, marked "Highly Confidential," in which only the information that is the basis for the "Outside Counsel Only" designation has been redacted.

12.    a.    Before any of the persons described in Paragraphs 9d and 10c shall have access to "Confidential," "Highly Confidential," or "Outside Counsel Only" Litigation Materials, he or she must certify that he or she has been made aware of the provisions of this Order and has manifested his or her assent to be bound thereby by signing a copy of the attached Schedule A,

and the signed Schedule A must be served upon the opposing parties, along with a current resume or curriculum vitae reasonably identifying the person, each individual or company for which the person has done work in the past five years or with which the person has an agreement to do work in the future, and his or her relationship, if any, to any party, competitor, or other client. The party that produced the designated Litigation Materials shall then have five (5) business days to serve a written objection to access by such person. Any written objection shall state with specificity the reason(s) for such objection. If such objection is made, there shall be no disclosure to such person except by agreement of the parties, by order of the Court, or if the time for the objecting party to file a motion as set forth herein has expired. If an objection is made to disclosure, counsel for the parties shall meet and confer within two (2) business days of the objection in an effort to reach an agreement. Failing an agreement, the objecting party, to prevent such disclosure, must submit its letter to the Court within three (3) business days of the meet-and-confer, and the responding party must submit its response letter not later than three (3) business days thereafter. On any such motion, the party that designated the material shall bear the burden of showing why disclosure to the person should be precluded.

       b.      The other persons described in Paragraphs 9 and 10 and given access to the "Confidential," "Highly Confidential," and/or "Outside Counsel Only" Litigation Materials pursuant to the terms of this Order after signing a copy of the attached Schedule A do not need to be disclosed to the opposing party prior to receipt of "Confidential," "Highly Confidential," or "Outside Counsel Only" Litigation Materials. A list shall be maintained by counsel for the parties hereto of the names of all persons who have signed Schedule A and to whom the content of any "Highly Confidential" or "Outside Counsel Only" Litigation Materials is disclosed, or to whom the information contained therein is disclosed, and such list shall be available for inspection by the

Court and opposing counsel upon good cause shown. At the time of the termination of this lawsuit by settlement, judgment or otherwise, the parties hereto shall provide other counsel with a copy of the pertinent aforementioned lists upon request. The persons receiving "Confidential," "Highly Confidential," or "Outside Counsel Only" Litigation Materials are enjoined from disclosing it to any other person, except in conformance with this Order.

13.     Each individual who receives any "Confidential," "Highly Confidential," or "Outside Counsel Only" Litigation Materials hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

14.     The recipient of any designated material that is provided under this Order shall maintain such records in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such records as is exercised by the recipient with respect to his or her own proprietary information.

15.     Nothing in this Order shall allow non-testifying experts and consultants to be deposed or otherwise be the subject of discovery other than as provided under the Federal Rules of Civil Procedure.

16.     a.     Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on designated Litigation Materials; provided, that in rendering such advice and otherwise communicating with such client, counsel shall not make any disclosure of the specific substance of Litigation Materials so designated except as otherwise allowed by this Order.

        b.     If, at any time, any Litigation Materials in the possession, custody, or control of any person other than the person who originally produced such Litigation Materials are

subpoenaed or requested by any court, administrative agency, legislative body, or other person or entity, the party to whom the subpoena or other request is directed shall immediately give written notice thereof to each party who has produced such Litigation Materials (directly or through the producing party's outside counsel), and shall provide each producing party with an opportunity to object and intervene as appropriate regarding the request for the production of Litigation Materials. If a producing party does not object and/or intervene to prevent disclosure of such documents within twenty-one (21) days of the date written notice is given, the party to whom the subpoena or other request is directed may produce such documents in response thereto. Nothing in this Section, however, shall be interpreted to require the party to whom the subpoena or other request is directed to refuse to comply with any legal duty or obligation imposed by a court or other judicial, arbitral, administrative, or legislative body.

17.     Except as agreed in writing by counsel of record or as ordered by the Court, Litigation Materials designated or treated as "Confidential," "Highly Confidential," or "Outside Counsel Only" shall be submitted for filing under seal, provided that any party seeking to make an under-seal filing must seek leave of Court in accordance with the Individual Practices of Judge Stanton. **Good cause must be shown for the under seal filing.**

18.     Nothing herein shall prevent any of the parties from using Litigation Materials designated hereunder in any trial in this Litigation or from seeking further protection with respect to the use of any designated Litigation Materials in any trial in this Litigation. Means to preserve the confidentiality of Litigation Materials presented at any trial of this matter shall be considered and implemented prior to the beginning of such trial. Designated Litigation Materials that are not received into evidence at trial shall retain their designated status under this Order.

19.    The terms of this Order shall apply to all manner and means of discovery. The provisions of this Order may be modified at any time by stipulation of the parties, approved by order of the Court. In addition, a party may at any time apply to the Court for modification of this Order. Nothing in this Order shall constitute: (a) any agreement to produce in discovery any testimony, document, or other information; (b) a waiver of any right to object to or seek a further protective order with respect to any discovery or other matter in this or any other litigation; or (c) a waiver of any claim or immunity, protection, or privilege with respect to any testimony, document or information.

20.    In the event that Litigation Materials designated or treated as "Confidential," "Highly Confidential," or "Outside Counsel Only" are disclosed to someone not authorized to receive such information under this Order, counsel of record for the party making that disclosure shall, promptly upon learning of such disclosure, give notice to counsel of record for the designating person and to counsel of record for the producing person or party (if different), and shall describe the circumstances surrounding the unauthorized disclosure.

21.    If any party inadvertently produces in discovery any information subject to attorney-client privilege, work-product doctrine, or any other privilege, protection or immunity, and the requirements of Rule 502(b) of the Federal Rules of Evidence have been satisfied, the producing party may (promptly upon learning of such production) notify the receiving party(ies) of such production and seek the return and/or destruction of such information as set forth below. Upon such notification: (1) the receiving party(ies) shall promptly destroy all such information (including, without limitation, all originals and copies of any documents containing or comprising such information, and any information incorporated into its own work product); (2) the information (including, without limitation, all originals and copies of any documents containing or comprising

15

such information) shall continue to be privileged, protected, and/or immune; and (3) no use shall be made of such information (including, without limitation, all originals and copies of any documents containing or comprising such information) by the receiving party(ies), nor shall it be disclosed to anyone by the receiving party(ies). The receiving party(ies) shall promptly provide to the producing party a written certification of the complete destruction of such information (including, without limitation, all originals and copies of any documents containing or comprising such information). Nothing herein, however, shall preclude the receiving party(ies) from subsequently challenging that such materials are privileged, or that any such privilege has been waived (on grounds other than the inadvertent production of such materials).

22.     Upon termination of this Litigation and the request of the producing party, the originals and all copies, whether exact copies or compilations, digests or non-exact copies in any form, of Litigation Materials shall, within thirty (30) days, be destroyed (together with a written certification of the complete destruction of the Litigation Materials). The obligation to destroy "Confidential" (as opposed to "Highly Confidential" and "Outside Counsel Only") Litigation Materials shall be limited to reasonable efforts. Nevertheless, counsel of record may retain their file copies of all court filings, official transcripts and exhibits, any pleading transcript (for each deposition, hearing and trial), written discovery responses, expert reports, and attorney work product, regardless of whether it contained protected Litigation Materials, provided that counsel continues to treat all Litigation Materials in the manner provided in this Order. Notwithstanding the provisions of this Paragraph, inaccessible copies of confidential or proprietary material, including electronic copies created through the routine operation of the recipient(s)' standard archival and backup procedures, do not need to be destroyed.

23.     This Order shall remain in force and effect until modified, superseded, or terminated by agreement of the parties hereto or by order of the Court. The termination of this action shall not relieve the parties from complying with any limitations imposed by this Order, and the Court shall retain jurisdiction to enforce this Order.

24.     The entry of this Order does not prevent any party from seeking a further order of this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Without limiting the foregoing, in the event any party believes that documents to be produced in this Litigation merit additional protection and/or restrictions on the categories of persons otherwise entitled to review "Confidential," "Highly Confidential," or "Outside Counsel Only" Litigation Materials, the party may request the other party's (or parties') stipulation to such treatment, or, if necessary, file a motion for an order of this Court pursuant to Rule 26(c). Each party's agreement to this Order is without prejudice to such party's right to seek or to oppose such a motion.

25.     The parties agree they will act in accordance with the terms and conditions of this Order upon its execution by all parties even though it may not yet have been so-ordered and entered by the Court.

26.     All notices required by this Order are to be served by email. The date by which a party to this action receiving a notice shall respond, or otherwise take action, shall be computed from the date the email was sent, unless the email was sent after 5:00 p.m. Eastern Time, in which case it shall be computed from the next day. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the designating party.

27.     This Order shall govern all discovery undertaken in this action.

28.     The designation of information, documents, or things as "Confidential," "Highly Confidential," or "Outside Counsel Only" pursuant to this Order shall not be construed as a

concession that such information is relevant or material to any issues or is otherwise discoverable or admissible. Nor shall the inspection or receipt by a party to this action of information, documents, or things designated as "Confidential," "Highly Confidential," or "Outside Counsel Only" hereunder constitute a concession that the information, documents, or things are confidential.

29.     Subject to Paragraphs 11 and 24 above, the parties agree that the procedures in this Order take the place of redactions of "Confidential," "Highly Confidential," or "Outside Counsel Only" information and that no party may redact or withhold a document exclusively on the basis that it contains or constitutes Confidential, Highly Confidential, or "Outside Counsel Only" information.

SO STIPULATED

Dated: April 21, 2020

/s/ Elizabeth E. Brenckman
R. David Hosp
Elizabeth E. Brenckman
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Tel: (617) 880-1886
        (212) 506-3535
dhosp@orrick.com
ebrenckman@orrick.com

Mark S. Puzella (*pro hac vice*)
Sheryl Koval Garko (*pro hac vice*)
222 Berkeley Street, Suite 2000
Boston, MA 02116
Tel: (617) 880-1896
        (617) 880-1919
mpuzella@orrick.com
sgarko@orrick.com

Mitchell L. Stoltz
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
Tel: (415) 436-9333
mitch@eff.org

*Attorneys for Defendants David R. Goodfriend
and Sports Fans Coalition NY, Inc.*

/s/ Thomas G. Hentoff
Gerson A. Zweifach
Thomas G. Hentoff (*pro hac vice*)
Joseph M. Terry (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC. 20005

650 Fifth Avenue
Suite 1500
New York, NY 10019

Tel: (202) 434-5000
gzweifach@wc.com
thentoff@wc.com
jterry@wc.com

*Attorneys for All Plaintiffs/Counterclaim
Defendants*

Paul D. Clement (*pro hac vice*)
Erin E. Murphy (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004

Tel: (202) 389-5000
paul.clement@kirkland.com
erin.murphy@kirkland.com

*Attorneys for Plaintiffs Fox Television
Stations, LLC and Fox Broadcasting
Company, LLC*

On  this _____ day of April, 2020,

Approved By:

_____
The Honorable Louis L. Stanton
United States District Judge

## SCHEDULE A

By my signature, I hereby acknowledge that I have read the Stipulated Protective Order, dated _____ __, 2020 (the "Protective Order") entered in *American Broadcasting Companies, Inc., et al. v. Goodfriend, et al.*, (Case No. 19-cv-7136), pending in the United States District Court for the Southern District of New York, and hereby agree to be bound by the terms thereof. I further agree that to the extent that my employees are provided with "Confidential," "Highly Confidential," and/or "Outside Counsel Only" Litigation Materials, I will instruct such employees regarding the terms of the Protective Order. I further agree to subject myself to the jurisdiction of the United States District Court for the Southern District of New York with respect to all matters relating to compliance with the Protective Order.


Dated:_____

City and State: _____

Signature: _____

Title:_____

Address:_____

_____

_____