UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN BROADCASTING COMPANIES, INC., DISNEY ENTERPRISES, INC., TWENTIETH CENTURY FOX FILM CORPORATION, CBS BROADCASTING INC., CBS STUDIOS INC., FOX TELEVISION STATIONS, LLC, FOX BROADCASTING COMPANY, LLC, NBCUNIVERSAL MEDIA, LLC, UNIVERSAL TELEVISION LLC, AND OPEN 4 BUSINESS PRODUCTIONS, LLC,<br><br>        Plaintiffs,<br>V.<br><br>DAVID R. GOODFRIEND AND SPORTS FANS COALITION NY, INC.,<br><br>        Defendants. | Civil Action No. 19-cv-7136 (LLS) |

**STIPULATION AND [PROPOSED] ORDER CONCERNING
PROTOCOL FOR CONDUCTING REMOTE DEPOSITIONS**

The Parties agree that given the current circumstances related to COVID-19, all remaining depositions will be conducted remotely using videoconference technology. To the extent this Protocol conflicts with the Court's previous orders regarding depositions, this Protocol shall control.

**I.    General Terms and Compliance with Federal Rules of Civil Procedure**

1. Any party may notice a remote deposition by stating its intention to take a deposition by remote means in its original or amended notice or subpoena of a person for deposition by oral examination.

2. The Parties agree that any remote depositions may be used at a trial and/or hearing to the same extent that (but no greater extent than) an in-person deposition may be used. Except as provided in the previous paragraph, the parties waive all objections to any remote deposition based solely on the fact that the deposition was taken using remote means.

3. Remote depositions in this case shall be taken so that such depositions comply with the applicable local and state regulations and orders and any federal regulations and orders concerning social distancing and public health.

4. As used in Fed. R. Civ. P. 28(a)(l)(A), the "place of examination" for the remote deposition is the location of the deponent.

5. A remote deposition will be deemed to have been conducted "before an officer" as required by Fed. R. Civ. P. 30(b)(5)(A) so long as that officer attends the deposition via the same platform used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

6. The parties stipulate that the witness's oath or affirmation may be administered remotely and such an oath will satisfy the requirements of Federal Rule of Civil Procedure 30.

7. Defending counsel shall discuss this protocol with the witness to be deposed. If the witness is a non-party, the parties shall use their best efforts to obtain the consent of the non-party witness to this protocol. If a party cannot obtain a non-party witness's consent to this protocol, it shall promptly inform the other parties.

8. The parties and any non-party witness may stipulate to modifications of this protocol for any individual remote deposition based on the needs of the witness to be deposed. The parties may also at any time stipulate to modifications to this protocol as applicable to all remote depositions not yet taken at the time of the modification.

## II.     Arranging the Remote Depositions

9. The parties have agreed to use Digital Evidence Group as their deposition vendor for all remote depositions.

10. The parties will ensure that the vendor requires attendees to provide a password to access the video/audio platform, employs a vendor-moderated "waiting room" feature, and only admits those attendees who are specifically invited.

11. The noticing party shall be responsible for arranging the deposition with the vendor. Deposing counsel, defending counsel, and any other attending counsel shall communicate to each other their respective email addresses, including the email address of the witness and all persons intending to attend the deposition no later than two (2) days before the deposition.

12. Any party or the witness to be deposed may request that the noticing party arrange for the witness and any participating attorneys to take part in a "test run" of the platform to be used.

13. Any costs associated with providing the platform for the taking of any given remote deposition shall be the responsibility of the party that noticed that deposition. Other parties will still bear their own costs for copies of transcripts and copies of video recordings from any deposition.

**III.   Conducting the Remote Depositions**

14. All remote depositions shall be recorded by stenographic means.  The deposition may also be recorded by audiovisual means at the election of either party, at that party's expense.

15. All attendees must connect to the platform through a private, password-protected network.

16. At the beginning of the remote deposition, every person logged onto the platform or otherwise viewing or listening to the deposition must be identified for the record.  Any person who joins thereafter must also be identified for the record.  Departures need not be announced.  The parties reserve the right under Rule 26(c)(1)(E) to seek to exclude persons from attending the deposition.

17. While on the record, the deposing attorney, defending attorney, and the witness shall enable both an audio and video connection at all times during the remote deposition.  The audio connection shall be muted when appropriate.

18. Deposing counsel and defending counsel may elect to have a technical specialist attend a remote deposition to ensure that technical issues are resolved in a timely manner.

19. All attendees must have access to a private, quiet, and secure room where the confidentiality of the proceedings may be preserved for the entirety of the deposition.  To the extent possible, the deponent shall appear for the deposition in front of a neutral background that does not include objects or images.

20. No person may be physically located in the same room as the witness during the taking of a remote deposition except for (a) defending counsel or (b) a non-attorney who is present solely for the purpose of providing technical assistance to the witness in using the platform.  If defending counsel is in the same room as the witness, each of defending counsel and the witness shall have a separate video connection, such that each is separately visible on the platform at all times during the deposition.

21. During a remote deposition, the witness may not review, read, have before them, or otherwise access any document, including email, text, web pages, social media, video, audio, or any other material, except documents presented to the witness as exhibits, without the express consent of counsel for all parties.  During the deposition, the witness shall not consult any outside sources of information, including cell phones, smart phones, computers, the Internet, text or instant messaging services, emails, chats, blogs, or websites to obtain information in connection with his or her testimony.  During breaks, the witness may access his or her devices to attend to personal matters or access information not related to the deposition.

22. During a remote deposition, the witness may not communicate with any person, except through the platform, by any means, including through gestures, handwritten communications, email, chat, instant messaging, or text messaging. This restriction does

not apply to conversations between the witness and defending counsel or others during breaks or other recesses not on the record which can occur in breakout rooms provided by platform or other means, to the extent such breaks or recesses and any such conversations taking place during them occur in the manner permitted under applicable federal and local rules and procedures.

23. Deposing counsel and defending counsel respectively shall be responsible for ensuring that they have a means of communicating with co-counsel or the witness, as appropriate, during breaks in the deposition. The parties agree not to oppose reasonable accommodations to allow such conferences during breaks, as well as communications among co-counsel during the remote deposition.

24. If privileged information is disclosed during the deposition due to a technical disruption or is captured by a videoconferencing or other recording device, such disclosure shall not be deemed a waiver of privilege.

25. If any lawyer is prevented from asserting a timely objection on the record due to a technical disruption, that lawyer should attempt to assert the objection before the deposition ends, in which case it will be preserved as if it had been timely presented and recorded.

26. Any time spent, whether on or off the record, dealing with technical issues or other issues unique to the taking of remote depositions shall not count against the seven (7) hours allowed for a deposition under the Federal Rules of Civil Procedure.

27. If technical difficulties arise during a remote deposition, counsel for the parties must meet and confer immediately to determine whether the remote deposition can proceed or should be continued to a future date. If technical difficulties arise which make the completion of a remote deposition impracticable, counsel for the parties and the witness shall resume the remote deposition at the earliest, mutually convenient opportunity.

## IV. Handling the Exhibits

28. Pursuant to Fed. R. Civ. P. 30(f)(2), deposing counsel shall be responsible for ensuring that any exhibits that they wish to mark and use at a remote deposition can be shown to the witness in a manner that enables the witness and counsel for all parties to review the exhibits during the course of the deposition. Deposing counsel will mark and use exhibits through the platform used for the remote deposition, which shall enable deposing counsel to share exhibits with the witness, court reporter, defending counsel, and attending counsel. If a party sends any hard copies of exhibits via Federal Express, U.S. Postal Service, or UPS, that party must send copies of those exhibits to defending counsel and the other parties in advance of the deposition.

29. Any such package containing exhibits shall not be opened until the commencement of the remote deposition. The witness, defending counsel, and any persons not affiliated with the deposing counsel other than the vendor shall not review any given exhibit until it is introduced as an exhibit by the deposing party.

Dated: November 23, 2020                                  Respectfully submitted,

/s/ Elizabeth E. Brenckman                                /s/ Thomas G. Hentoff
R. David Hosp                                             Gerson A. Zweifach
Elizabeth E. Brenckman                                    Thomas G. Hentoff (*pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP                        Joseph M. Terry (*pro hac vice*)
51 West 52nd Street                                       Tian Huang (*pro hac vice*)
New York, NY 10019                                        Jean Ralph Fleurmont (*pro hac vice*)
Tel: (617) 880-1886                                       WILLIAMS & CONNOLLY LLP
      (212) 506-3535                                      725 Twelfth Street, N.W.
dhosp@orrick.com                                          Washington, DC. 20005
ebrenckman@orrick.com

                                                          650 Fifth Avenue
Mark S. Puzella (*pro hac vice*)                          Suite 1500
Sheryl Koval Garko (*pro hac vice*)                       New York, NY 10019
Caroline Koo Simons
222 Berkeley Street, Suite 2000                           Tel: (202) 434-5000
Boston, MA 02116                                          gzweifach@wc.com
Tel: (617) 880-1896                                       thentoff@wc.com
      (617) 880-1919                                      jterry@wc.com
mpuzella@orrick.com                                       thuang@wc.com
sgarko@orrick.com                                         jfleurmont@wc.com
csimons@orrick.com

                                                          *Attorneys for All Plaintiffs*

Mitchell L. Stoltz
Electronic Frontier Foundation                            Paul D. Clement (*pro hac vice*)
815 Eddy Street                                           Erin E. Murphy (*pro hac vice*)
San Francisco, CA 94109                                   KIRKLAND & ELLIS LLP
Tel: (415) 436-9333                                       1301 Pennsylvania Avenue, NW
mitch@eff.org                                             Washington, DC 20004

*Attorneys for Defendants David R. Goodfriend             Tel: (202) 389-5000
and Sports Fans Coalition NY, Inc.*                       paul.clement@kirkland.com
                                                          erin.murphy@kirkland.com

                                                          *Attorneys for Plaintiffs Fox Television
                                                          Stations, LLC and Fox Broadcasting
On  this _____ day of November, 2020,                     Company, LLC*

Approved By:

_____
The Honorable Louis L. Stanton
United States District Judge

5