

**Orrick, Herrington & Sutcliffe LLP**

222 Berkeley Street
Suite 2000
Boston, MA 02116-3740

+1 617 880 1800

**orrick.com**

R. David Hosp

E dhosp@orrick.com
D +1 617 880 1886
F +1 617 880 1801

May 6, 2021

*Via ECF*

The Honorable Louis L. Stanton
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *American Broadcasting Cos., Inc. et al. v. Goodfriend et al.*, 1:19-cv-7136-LLS

Dear Judge Stanton:

Pursuant to Section 3.B. of the Court's Individual Practices, Defendants David R. Goodfriend ("Mr. Goodfriend") and Sports Fans Coalition NY, Inc. ("SFCNY") (collectively "Defendants") submit this letter in the above-captioned action to respectfully request that the following documents submitted in support of Defendants' Motion for Summary Judgment be filed under seal. These documents contain information that the parties have designated as "Confidential," "Highly Confidential," or "Outside Counsel Only" under the Protective Order. *See* Dkt. No. 65.

As set forth below, these proposed redactions and filings under seal are consistent with the Second Circuit's opinions in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016). Pursuant to *Lugosch*, the Court must first assess whether the documents at issue are "judicial documents." 435 F.3d at 119. Once the Court has made that determination, it must assess the weight of the presumption of public access to the documents under the common law and the First Amendment, and then, it must weigh the presumption of public access against any competing interests, such as the privacy interests of the party resisting disclosure. *Id.* at 119-20.

While Defendants do not dispute that the Motion for Summary Judgment is a judicial document, the information they seek to seal relates to material passed between the parties in discovery. As such, the presumption of public access is low. *Bernstein*, 814 F.3d at 142 (documents "'such as those passed between the parties in discovery' often play 'no role in the



performance of Article III functions' and so the presumption of access to these records is low") (citation omitted); *cf. In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 424 (E.D.N.Y. 2007) ("the documents at issue are not litigation filings, but documents produced in discovery, to which the right of public access has not attached"). Here, the confidential information in question is highly sensitive. Specifically, the Motion references and exhibits contain highly-sensitive confidential business information that the parties have designated as "Highly Confidential" or "Outside Counsel Only" information under the terms of the Court's Protective Order. Dkt. No. 65. Where, as here, redactions are applied narrowly only to specific confidential information that was designated as confidential under the applicable protective order, courts have found the presumption of public access comparatively low and have granted the party's motion to seal. *E.g., In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-md-2542, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) (sealing information produced in discovery); *Firmode (Intel) Co. v. Intel Watch Grp., Inc.*, No. 2008-4890, 2009 WL 3698137, at *2 (E.D.N.Y. Nov. 2, 2009) (collecting authorities sealing confidential supplier and pricing information). Furthermore, the parties have significant privacy interests in the information concerning their confidential financial and business information.

As such, Defendants proposed redactions to the Motion for Summary Judgment and supporting papers are appropriate and narrowly tailored to protect their interests under *Lugosch*, 435 F.3d at 120, and Defendants respectfully request that the Court redact and seal the identified portions therein.

1. <u>Documents Referencing Exhibits Designated "Confidential," "Highly Confidential," or "Outside Counsel Only" to Be Filed with Redactions</u>

Defendants respectfully requests permission to file the below-listed materials submitted in connection with their Motion for Summary Judgment with redactions to references to documents designated as "Confidential" pursuant to the Protective Order entered in the above-captioned action. Dkt. No. 65:

- Memorandum of Law in Support of Defendants' Motion for Summary Judgment;

- Defendants Statement of Material Facts Pursuant to Local Rule 56.1; and

- Declaration of David R. Goodfriend in Support of Defendants' Motion for Summary Judgment

2. <u>Exhibits Designated "Confidential," "Highly Confidential," or "Outside Counsel Only" to Be Filed Under Seal in Their Entireties</u>

In addition, Defendants respectfully requests permission to file the below-listed exhibits under seal in their entireties. The exhibits listed below have been previously designated by the parties as "Confidential," "Highly Confidential," or "Outside Counsel Only" under the Protective



Order.

- **Exhibits 1-13**: Expert Reports and Rebuttal Expert Reports exchanged by the parties in this matter, each designated either "Confidential," "Highly Confidential," or "Outside Counsel Only" under the Protective Order.

- **Exhibits 14-29**: Excerpts from the transcripts of the depositions of fact, expert, and third party witnesses, each designated either "Confidential," "Highly Confidential," or "Outside Counsel Only" under the Protective Order.

- **Exhibits 31-32**: Spreadsheets of testimonials compiled from Locast users which include personal identifying information of such users, and which have been designated by the producing party as "Confidential" under the Protective Order.

- **Exhibits 46-47**: GRF CPAs & Advisors' Independent Auditor's Reports for 2019 and 2020, which have been designated "Highly Confidential" under the Protective Order.

- **Exhibits 48-49**: Pledge acknowledgement letters from SFCNY to donors, which have been designated "Highly Confidential" under the Protective Order.

- **Exhibit 50**: Donation agreement between SFCNY and Liberty Cablevision of Puerto Rico, which has been designated "Highly Confidential" under the Protective Order.

- **Exhibit 51**: Email communications between Mr. Goodfriend and Mr. Ergen, which have been designated "Confidential" under the Protective Order.

- **Exhibit 52**: Email communications between Michael Kelly and individuals at AT&T, which have been designated "Highly Confidential" under the Protective Order.

- **Exhibit 64**: Loan Agreement between IoT Broadband and SFCNY, which has been designated "Highly Confidential" under the Protective Order.

- **Exhibit 65**: Payment statement relating to the IoT loan payoff, which has been designated "Highly Confidential" under the Protective Order.

- **Exhibit 67**: SFCNY's January-December 2020 Profit and Loss Statement, which has been designated "Highly Confidential" under the Protective Order.



- **Exhibits 68-73**: Internal SFCNY Managements Reports from July-December 2020, which have been designated "Highly Confidential" under the Protective Order.

- **Exhibits 74-75**: Internal Locast Donor Reports, which have been designated "Highly Confidential" under the Protective Order.

Concurrent with this letter motion and in accordance with Section 3.B. of the Court's Individual Practices, Defendants will contemporaneously: (a) publicly file the documents with the proposed redactions; and (b) electronically filed under seal copies of the unredacted documents with the proposed redactions highlighted and copies of the documents Defendants seek to seal in their entireties.

Sincerely,


ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ R. David Hosp*

R. David Hosp
Mark S. Puzella (admitted pro hac vice)
Sheryl Koval Garko (admitted pro hac vice)
Caroline K. Simons
Laura B. Najemy (admitted pro hac vice)
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116
Tel: (617) 880-1800
dhosp@orrick.com
mpuzella@orrick.com
sgarko@orrick.com
csimons@orrick.com
lnajemy@orrick.com

Elizabeth E. Brenckman
Lindsay Rindskopf
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Tel: (212) 506-5000
ebrenckman@orrick.com



lrindskopf@orrick.com

Shane D. Anderson (admitted pro hac vice)
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel: (213) 629-2020
sanderson@orrick.com

Erin M.B. Leach (admitted pro hac vice)
ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main St. Suite 1100
Irvine, CA 92614
Tel: (949) 567-6700
eleach@orrick.com

Mitchell L. Stoltz
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA  94109
Tel: (415) 436-9333
mitch@eff.org

*Counsel for Defendants and Counterclaim-Plaintiffs
David R. Goodfriend and Sports Fans Coalition NY, Inc.*