

August 17, 2021

Via ECF

The Honorable Louis L. Stanton
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

**Orrick, Herrington & Sutcliffe LLP**
222 Berkeley Street
Suite 2000
Boston, MA 02116-3740

+1 617 880 1800
**orrick.com**

**R. David Hosp**

E  dhosp@orrick.com
D  +1 617 880 1886
F  +1 617 880 1801

**Re:    American Broadcasting Companies, Inc. et al. v. David R. Goodfriend et al., No. 19-cv-7136-LLS**

Dear Judge Stanton:

      We represent defendants Sports Fans Coalition NY, Inc. ("SFCNY") and David R. Goodfriend (collectively "Defendants") in the above referenced matter, and we write to object to Plaintiffs' request to continue the trial date in this matter.[1] Defendants object to Plaintiffs' attempt to delay the trial, and request that the Court honor the parties' prior request to remain eligible for a trial to be scheduled in the first three weeks of November, and maintain this case on the current list of trials that could be scheduled that month. Defendants are ready to try this case, and it should go forward on the earliest possible date.

      First and foremost, Plaintiffs do not provide any compelling reason to remove this case from the queue of cases to be scheduled in November. Plaintiffs do not provide any indication that all trials that will be scheduled for November by the centralized calendaring system have been scheduled at this point—and it is our understanding from the clerk's office that more trials may be scheduled for that time frame going forward. Plaintiffs suggest that "it appears that there would be greater certainty with a 2022 trial date," but that does not make sense. It is our understanding that even February trial dates are still being scheduled by the centralized system, and there is no guarantee that a February trial date would not be bumped in the future if necessary to accommodate a criminal trial, for example, resulting in even further delays. Plaintiffs also assert that "[g]iven the pandemic resurgence, we hope that February will be a better environment for the parties as well as the Court and the jurors." But, unfortunately, this "hope" does not align with what we have seen in the past. To the extent that the pandemic does not abate before the fall, last year's experience tells us that the greatest spike in coronavirus cases occurs in January and February following the winter holidays,

---

[1] Defendants' counsel explicitly informed Plaintiffs' counsel that we intended to respond to any letter to the Court. Plaintiffs nevertheless omitted any such indication from their letter despite having complained to the Court that Defendants omitted a direct notification to that effect a week ago. We do not believe either party was prejudiced in either instance.

Case 1:19-cv-07136-LLS   Document 320   Filed 08/17/21   Page 2 of 3



not in the first three weeks of November—before the Thanksgiving holiday.  As a result, to the extent that this case is calendared in the first three weeks of November, the chance of interference from the pandemic is seemingly less likely than if the trial is scheduled for February.

Plaintiffs' request is also premature in light of the fact that both parties were informed by Your Honor's clerk that we will likely have significantly greater clarity by early September as to whether or not we are scheduled for a trial in November.  Plaintiffs suggest that waiting a few weeks for that clarity presents the "worst of all worlds" because the parties "would lose the opportunity to firm up a date in early 2022, as other litigants will surely seek firm trial dates as well."  Plaintiffs give no basis for their asserted belief that there will be a run of February trial dates in the next few weeks (when many judges and attorneys are on vacation) such that this matter will be wholly shut out of that option.  Given that there is still a chance that the matter could be set for trial this year, Defendants' strong preference is to remain in consideration for such a date in order to resolve this matter as quickly as possible.  Should it be determined in September that there is no likelihood that this matter will be scheduled for trial in November, Defendants would certainly support a joint request to schedule the trial for a date certain as early as practicable in 2022 (understanding that the Court is not available for a trial in December).

Plaintiffs' final argument for delaying trial by an additional three months is that they believe that it would be more convenient for their witnesses if they could have some certainty in their schedules, and Plaintiffs' attorneys would prefer not to spend time now doing the work to prepare for trial.  Plaintiffs seem to forget, though, that *they were the ones who brought this litigation*.  It should hardly be considered an inconvenience to get themselves prepared for the trial and make their witnesses available, particularly given the fact that we will have greater certainty by the beginning of September, providing a full two months for Plaintiffs' witnesses to mark the trial on their calendars.  And it is hardly fair to force Defendants to wait for a trial to seek their exoneration.[2]  Further, with respect to the relief Plaintiffs' seek (i.e., pushing out the pre-trial order deadlines), Defendants do not believe that it is a significant burden on the parties to prepare the Pre-Trial Order now, as the parties have completed fact and expert discovery and have already briefed the issues for summary judgment.  Indeed, Your Honor's individual practices suggest that Plaintiffs are to provide proposed findings of fact to Defendants "promptly after the completion of discovery," in order to begin the process for determining what the parties can agree upon in advance of trial.  *Individual Practices of Judge Louis L. Stanton*, Section 4.A.1.  Discovery in this matter closed months ago, and

---

[2] Defendants are particularly concerned by Plaintiffs' request to put this trial off given that Plaintiffs have opposed Defendants' request to take preservation depositions of individual users of the Locast service.  Delaying the trial until February presents even further risk of these individuals not being able to present testimony to the Court.  It may very well be that this is part of Plaintiffs' intent.

2



there is no reason that the parties cannot prepare the necessary proposed findings of fact in accordance with the Court's rules.³

      Finally, as this Court is no doubt aware from the multitude of filings in this matter, Plaintiffs filed this case in July of 2019, after waiting a year and a half after SFCNY launched the Locast service before taking any action.  Plaintiffs alleged that SFCNY was a sham organization founded and funded by and for the benefit of DISH Networks and AT&T, and for the pecuniary benefit of David Goodfriend.  Plaintiffs had no evidence to support those allegations at the time, but they made them anyway.  Now, after two years of litigation and extensive discovery, there is still no evidence to support the allegations made in Plaintiffs' Complaint.  To the contrary, the undisputed evidence shows that no pay-TV platform was involved in or funded the creation of SFCNY or the launch of the Locast service, and neither Mr. Goodfriend nor any other principal, officer or employee of SFCNY has been paid anything for their involvement in the organization.  SFCNY operates within the clear bounds of the law, providing members of the public with legal access to the OTA television programming Plaintiffs are obligated to make available for free, and Defendants are eager to have this matter resolved as quickly as practicable.  If summary judgment is not granted, and a trial is needed, it should be held at the earliest possible time.

Respectfully submitted,

*/s/ R. David Hosp*

R. David Hosp

CC: All counsel of record via ECF

---

³ Defendants note that the parties had agreed to a schedule by which Plaintiffs were to provide their proposed findings of fact and evidentiary support on August 16th.  Defendants were then to provide their response, counter findings of fact, and additional proposed findings of fact (along with all evidentiary support) by August 30th and then Plaintiffs were to provide their response by September 13th.  As of the filing of this letter, Defendants have not received Plaintiffs' proposed findings of fact.  It thus appears that Plaintiffs have unilaterally abrogated the schedule that was agreed upon to meet the Court's current pretrial scheduling order.