# EXHIBIT 3

Case 1:19-cv-07136-LLS   Document 325-3   Filed 09/01/21   Page 2 of 5

12/14/2020        American Broadcasting Companies, Inc., et al. v. Goodfriend, et al.     Debra O'Connell

Page 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
AMERICAN BROADCASTING COMPANIES, )
INC., DISNEY ENTERPRISES, INC.,  )
TWENTIETH CENTURY FOX FILM       )
CORPORATION, CBS BROADCASTING INC., )
CBS STUDIOS INC., FOX TELEVISION )
STATIONS, LLC, FOX BROADCASTING  )
COMPANY, LLC, NBCUNIVERSAL MEDIA, )
LLC, UNIVERSAL TELEVISION LLC, AND )
OPEN 4 BUSINESS PRODUCTIONS, LLC, )
                                 )
            PLAINTIFFS, ) CASE NO.
                   ) 19-cv-7136-LLS
      v.           )
                   )
DAVID R. GOODFRIEND AND SPORTS FANS )
COALITION NY, INC.,              )
                                 )
            DEFENDANTS. )
_____)

VIDEOTAPED DEPOSITION OF DEBRA O'CONNELL
TAKEN REMOTELY VIA ZOOM VIDEOCONFERENCE
MONDAY, DECEMBER 14, 2020

Reported by Audra E. Cramer, CSR No. 9901
_____
DIGITAL EVIDENCE GROUP
1730 M Street, NW, Suite 812
Washington, D.C. 20036
(202) 232-0646

Page 2

1    VIDEOTAPED DEPOSITION OF DEBRA O'CONNELL,
2    TAKEN REMOTELY VIA ZOOM ON BEHALF OF THE DEFENDANTS,
3    AT 11:07 A.M. EST, MONDAY, DECEMBER 14, 2020, BEFORE
4    AUDRA E. CRAMER, CSR NO. 9901, PURSUANT TO NOTICE.

Page 3

1    APPEARANCES OF COUNSEL
2
3    FOR PLAINTIFFS:
        WILLIAMS & CONNOLLY LLP
4       BY:  JOSEPH M. TERRY, ESQUIRE
5            JANE CHONG, ESQUIRE
6       725 12TH STREET, NW
7       WASHINGTON, DC 20005
8       (202) 434-5000
9       jterry@wc.com
10      jchong@wc.com
11
12   FOR DEFENDANTS:
13      ORRICK, HERRINGTON & SUTCLIFFE LLP
14      BY:  ERIN M. B. LEACH, ESQUIRE
15      2050 MAIN STREET, SUITE 1100
16      IRVINE, CALIFORNIA 90401
17      (949) 567-6700
18      eleach@orrick.com
19
20   ALSO PRESENT:
21      BILL GEIGERT, VIDEOGRAPHER
22      GEOFFREY ROBERTS, HOTSEATER

Page 4

1         I N D E X
2    WITNESS
3    DEBRA O'CONNELL
4
5    EXAMINATION            PAGE
6    BY MS. LEACH             7
7    (P.M. SESSION)          98
8    BY MR. TERRY           254
9    BY MS. LEACH           260
10
11
12        E X H I B I T S
13   NO.   PAGE    DESCRIPTION
14   Exhibit 1  77    REQUEST FOR WAIVER
                      ABC0001578 THRU 0001582
15   Exhibit 2  100   WABC COVERAGE MAP
                      ABC0004119
16   Exhibit 3  164   EMAIL CHAIN ABC0000965 THRU
                      0000967
17   Exhibit 4  187   NEW YORK TIMES ARTICLE
                      ABC0001112 THRU 0001117
18   Exhibit 5  189   EMAIL ABC0001101 THRU
                      0001103

Case 1:19-cv-07136-LLS   Document 325-3   Filed 09/01/21   Page 3 of 5

12/14/2020    American Broadcasting Companies, Inc., et al. v. Goodfriend, et al.    Debra O'Connell

Page 149

1  just want to make sure I'm answering it
2  correctly.
3       And your question is as an
4  FCC-regulated business...?
5       Q.  Is ABC required to provide the public a
6  free over-the-air broadcast?
7       A.  Our station -- our stations --
8       MR. TERRY:  Object --
9       THE WITNESS:  -- yeah, like WABC, yes,
10 as part of our -- that's our FCC license as a
11 broadcaster, and as a broadcaster, we offer our
12 content free over the air.
13 BY MS. LEACH:
14      Q.  As a part of that FCC license, is the
15 public entitled to a free over-the-air broadcast
16 from WABC?
17      MR. TERRY:  Objection to form.
18      You can answer.
19      THE WITNESS:  What was that, Joseph?
20 Sorry.  I couldn't hear you.
21      MR. TERRY:  I objected, but I said you
22 could go ahead and answer if you can.

Page 150

1       THE WITNESS:  They're entitled to be
2  able to have access to -- right? -- meaning over
3  the air they can watch Channel 7, WABC, as an
4  example of a station, yes.
5  BY MS. LEACH:
6       Q.  Thank you.
7       A.  Via broadcast.  Via over-the-air
8  broadcast.
9       Q.  Without disclosing communications with
10 your attorneys, are you able to tell me why ABC
11 and Disney Enterprises are suing David
12 Goodfriend and Sports Fans Coalition?
13      MR. TERRY:  Objection to form.
14      The witness can't reveal any --
15      MS. LEACH:  I just asked her to answer
16 the question --
17      MR. TERRY:  I know.
18      MS. LEACH:  -- if she's able to
19 without --
20      MR. TERRY:  But this question might, by
21 its terms, intrude on the privilege, and I'm
22 entitled to give the witness an instruction

Page 151

1  regarding the contexts of privilege, which is
2  what I'm doing.
3       So the question asks you why certain
4  individuals are being sued.  If you know why
5  certain individuals and entities are being sued
6  as part of the Locast lawsuit aside from
7  communications with counsel or things you
8  learned through counsel, you can answer it.  If
9  the question is, "Do you have a beef with
10 Locast, and what is it?" you can answer that as
11 well.
12      But don't reveal anything you learned
13 about strategy or rationale or anything from
14 counsel.
15      THE WITNESS:  Thank you.
16      Erin, I find it odd that any
17 organization would take someone's content
18 without having a relationship with them; look to
19 affect their business model, especially any
20 local television station, who -- as I said
21 earlier, I feel like the mission is fairly
22 simple:  We're here to serve our communities.

Page 152

1       In order to do that, in order to invest
2  and reinvest in news coverage and content and
3  the number of hours and community events and
4  even our talent, who's the voice of our
5  communities and who host hundreds of charity
6  events, even in the virtual state of today as
7  well as the previous and what will be the
8  post-pandemic, you know, in person, I just -- I
9  don't understand why someone would think that
10 that's okay to do, quite honestly.
11      You know, just take your signal and
12 look to -- look to, first of all, put it out in
13 a format that doesn't have the content creator
14 or the business owner have any kind of control
15 of quality; that they can ask our viewers for
16 donations.
17      We don't ask people for donations.
18 They have a choice:  They can watch us over the
19 air, they can watch us free on our websites, or
20 they can buy a multichannel subscription through
21 a distributor of any sense.
22      My understanding -- and even just

Case 1:19-cv-07136-LLS   Document 325-3   Filed 09/01/21   Page 4 of 5

12/14/2020     American Broadcasting Companies, Inc., et al. v. Goodfriend, et al.    Debra O'Connell

Page 277

1    Q.  Okay.
2    A.  You know, those are typically reserved
3  for, like, a monthly meeting.
4    Q.  A monthly meeting?
5    A.  Meaning when I do meeting notes, it's
6  not for a meeting that happens twice a week.
7    Q.  What about -- you said you meet with --
8  well, I guess, granted, it's only been this
9  month that you've met monthly with the other
10 station.
11      Did you keep meeting notes for that
12 meeting?
13   A.  No.  No, I did not.  But I -- well,
14 meaning yes, my own notes in my notebook.  But
15 they're just quick highlights, follow-up items,
16 things like that.
17   Q.  Okay.  So, like, not formal minutes?
18   A.  Not formal minutes, no.
19      MS. LEACH:  All right.  Well, I don't
20 have any further questions, and I do appreciate
21 your time.
22      THE WITNESS:  Of course.

Page 278

1       MR. TERRY:  I don't have any more
2  questions either.  Thank you.
3       THE VIDEOGRAPHER:  Okay.  That
4  concludes today's deposition.  The time is
5  7:59 p.m.
6       (Whereupon, at 7:59 p.m. EST
7        the deposition of DEBRA O'CONNELL
8        was adjourned.)

Page 279

1  STATE OF CALIFORNIA    )
2  COUNTY OF LOS ANGELES  ) SS.
3
4       I, AUDRA E. CRAMER, CSR No. 9901, in and for the
   State of California, do hereby certify:
5       That, prior to being examined, the witness named
   in the foregoing deposition was by me duly sworn to
6  testify the truth, the whole truth and nothing but the
   truth;
7       That said deposition was taken down by me in
   shorthand at the time and place therein named, and
8  thereafter reduced to typewriting under my direction,
   and the same is a true, correct and complete transcript
9  of said proceedings;
10      I further certify that I am not interested in the
   event of the action.
11      Witness my hand this ____ day of _____,
12 2020.
13
14
15
16
17
18      _____
19      Certified Shorthand
20      Reporter for the
21      State of California
22

Page 280

1   Debra O'Connell, c/o
    WILLIAMS & CONNOLLY LLP
2   725 12TH STREET, NW
    WASHINGTON, DC 20005
3
4   Case: American Broadcasting Companies, Inc., et al. v. Goodfriend, et al.
    Date of deposition: December 14, 2020
5   Deponent: Debra O'Connell
6
7   Please be advised that the transcript in the above
8   referenced matter is now complete and ready for signature.
9   The deponent may come to this office to sign the transcript,
10  a copy may be purchased for the witness to review and sign,
11  or the deponent and/or counsel may waive the option of
12  signing. Please advise us of the option selected.
13  Please forward the errata sheet and the original signed
14  signature page to counsel noticing the deposition, noting the
15  applicable time period allowed for such by the governing
16  Rules of Procedure. If you have any questions, please do
17  not hesitate to call our office at (202)-232-0646.
18
19
20  Sincerely,
    Digital Evidence Group
21  Copyright 2020 Digital Evidence Group
    Copying is forbidden, including electronically, absent
22  express written consent.

Case 1:19-cv-07136-LLS   Document 325-3   Filed 09/01/21   Page 5 of 5

12/14/2020        American Broadcasting Companies, Inc., et al. v. Goodfriend, et al.    Debra O'Connell

Page 281

1   Digital Evidence Group, L.L.C.
    1730 M Street, NW, Suite 812
2   Washington, D.C. 20036
    (202) 232-0646
3
4   SIGNATURE PAGE
    Case: American Broadcasting Companies, Inc., et al. v. Goodfriend, et al.
5   Witness Name: Debra O'Connell
    Deposition Date: December 14, 2020
6
7   I do hereby acknowledge that I have read
    and examined the foregoing pages
8   of the transcript of my deposition and that:
9
10  (Check appropriate box):
    (  ) The same is a true, correct and
11  complete transcription of the answers given by
    me to the questions therein recorded.
12  (  ) Except for the changes noted in the
    attached Errata Sheet, the same is a true,
13  correct and complete transcription of the
    answers given by me to the questions therein
14  recorded.
15
16  _____    _____
17   DATE           WITNESS SIGNATURE
18
19
20
21  _____    _____
22   DATE           NOTARY

Page 282

1   Digital Evidence Group, LLC
2   1730 M Street, NW, Suite 812
3   Washington, D.C.  20036
4   (202)232-0646
5
6              ERRATA SHEET
7
8   Case: American Broadcasting Companies, Inc., et al. v. Goodfriend, et al.
9   Witness Name: Debra O'Connell
10  Deposition Date: December 14, 2020
11  Page No.   Line No.    Change
12
13
14
15
16
17
18
19
20
21  _____    _____
22    Signature              Date

71 (Pages 281 to 282)