# EXHIBIT 4

Page 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
AMERICAN BROADCASTING COMPANIES,     )
INC., DISNEY ENTERPRISES, INC.,      )
TWENTIETH CENTURY FOX FILM           )
CORPORATION, CBS BROADCASTING INC.,  )
CBS STUDIOS INC., FOX TELEVISION     )
STATIONS, LLC, FOX BROADCASTING      )
COMPANY, LLC, NBCUNIVERSAL MEDIA,    )
LLC, UNIVERSAL TELEVISION LLC, AND   )
OPEN 4 BUSINESS PRODUCTIONS, LLC,    )
                                     )
          PLAINTIFFS, )  CASE NO.
          )  19-cv-7136-LLS
     v.   )
          )
DAVID R. GOODFRIEND AND SPORTS FANS  )
COALITION NY, INC.,           )
                              )
          DEFENDANTS. )
_____)

VIDEOTAPED DEPOSITION OF JEFFREY MORRIS
TAKEN REMOTELY VIA ZOOM VIDEOCONFERENCE
FRIDAY, DECEMBER 4, 2020

Reported by Audra E. Cramer, CSR No. 9901

_____
DIGITAL EVIDENCE GROUP
1730 M Street, NW, Suite 812
Washington, D.C. 20036
(202) 232-0646

Page 2

1      VIDEOTAPED DEPOSITION OF JEFFREY MORRIS,

2    TAKEN REMOTELY VIA ZOOM ON BEHALF OF THE DEFENDANTS,

3    AT 11:11 A.M. EST, FRIDAY, DECEMBER 4, 2020, BEFORE

4    AUDRA E. CRAMER, CSR NO. 9901, PURSUANT TO NOTICE.

Page 3

1    APPEARANCES OF COUNSEL

2

3    FOR PLAINTIFFS:
         WILLIAMS & CONNOLLY LLP
4        BY:  THOMAS G. HENTOFF, ESQUIRE
             ANGELICA H. NGUYEN, ESQUIRE
5        725 TWELFTH STREET, NW
         WASHINGTON, DC 20005
6        (202) 434-5000
         thentoff@wc.com
7        anguyen@wc.com

8

9    FOR DEFENDANTS:
         ORRICK, HERRINGTON & SUTCLIFFE LLP
10       BY:  ERIN M. B. LEACH, ESQUIRE
             CAROLINE SIMONS, ESQUIRE
11           LAURA B. NAJEMY, ESQUIRE
         2050 MAIN STREET, SUITE 1100
12       IRVINE, CALIFORNIA 90401
         (949) 567-6700
13       eleach@orrick.com
         csimons@orrick.com
14       lnajemy@orrick.com

15

16   ALSO PRESENT:
17       ANDY MORTENSEN, VIDEOGRAPHER/HOTSEATER
18       MARGARET TOBEY, NBCUNIVERSAL
19       DANIEL KUMMER, NBCUNIVERSAL
20
21
22

Page 4

1              I N D E X

2    WITNESS

3    JEFFREY MORRIS

4

5    EXAMINATION              PAGE

6    BY MS. LEACH             7

7

8          E X H I B I T S

9    NO.   PAGE   DESCRIPTION

10   Exhibit 1  168    EMAIL NBC0000184

11

12

13   QUESTIONS INSTRUCTED BY COUNSEL NOT TO ANSWER

14        PAGE   LINE

15        18    1

16        18    7

17

18

19

20

21

22

1 (Pages 1 to 4)

| Page 169 | Page 171 |
|---|---|

**Page 169**

1   Q.  Have you ever seen this document
2   before?
3       A.  Yes, I assume I have.
4       Q.  Do you know what it is?
5       A.  Yeah.  It's an email.
6       Q.  Okay.  Did you send the email?
7       A.  Yes.
8       Q.  And you received the original email
9   from a Nick Evansky?
10      A.  Yes, that's correct.
11      Q.  Is he an employee at NBC?
12      A.  Yes, he is.
13      Q.  What did he email you?
14      A.  From the looks of this, he sent me an
15  email with a link to a article regarding AT&T
16  donating $500,000 to Locast.
17      Q.  Do you remember if when you received
18  that email, you had already known about the
19  donation?
20      A.  I don't remember, no.
21      Q.  Do you remember when you first learned
22  about Locast?

**Page 170**

1       A.  I don't remember specifically.  I think
2   it was 2018.
3       Q.  You don't remember if it was the latter
4   portion of 2018 versus the beginning of 2018?
5       A.  I don't remember.
6       Q.  How did you learn about Locast?
7       A.  I'm guessing I learned about it through
8   the trade organizations like this one.
9       Q.  Like this one?
10      A.  Like the one referred to in this
11  article -- in this document here.
12      Q.  Broadcasting Cable?
13      A.  Yes.
14      Q.  That's a trade organization?
15      A.  Trade publication.  Excuse me.
16      Q.  Okay.  Trade publication.
17          So Broadcasting Cable, trade
18  publication, emails -- you receive emails from
19  that publication?
20          MR. HENTOFF:  Objection to the form of
21  the question.
22

**Page 171**

1   BY MS. LEACH:
2       Q.  You can answer.
3       A.  Yes, I receive emails from them.
4       Q.  What was your response to Mr. Evansky's
5   email?
6       A.  I wrote "Jerks" with an exclamation
7   mark.
8       Q.  Who were the jerks that you were
9   referring to?
10      A.  If I recall at the moment, probably
11  AT&T was a jerk.
12      Q.  Why, if you recall, did you believe
13  that AT&T was a jerk for donating to Locast?
14      A.  Because Locast is a -- at the time my
15  opinion was they were an unlicensed distributor
16  of our content, and our agreements with our
17  licensed distributors protect our quality of the
18  content that we invest a lot of money in
19  creating and take a lot of pride in creating and
20  distributing.
21      Q.  At the time did you believe that Locast
22  was for-profit?

**Page 172**

1       A.  I don't -- I don't -- I don't know if
2   that entered my thinking.  It was more about
3   the -- you know, another -- a lack of control on
4   our -- the quality of our content.
5       Q.  So are -- in your view, are nonprofit
6   organizations that rebroad content -- NBC
7   content jerks?
8       A.  No.
9           MR. HENTOFF:  Objection to the form of
10  the question.  Mischaracterizes his testimony.
11          THE WITNESS:  Can you repeat that.
12  BY MS. LEACH:
13      Q.  I think we got the -- I got the answer.
14  Thank you.
15          MR. HENTOFF:  What was the answer, I'm
16  sorry.
17          MS. LEACH:  Maybe Audra can read back
18  the transcript.
19          MR. HENTOFF:  The answer was, "Can you
20  repeat that."
21          MS. LEACH:  Before that I thought I
22  heard -- okay.  So can you repeat the question

---

Page 173

1 to the witness.
2 (Record read as follows:
3 "Question: So, in your
4 view, are nonprofit organizations
5 that rebroad content -- NBC
6 content jerks?")
7 MR. HENTOFF: Same objection.
8 THE WITNESS: Yeah, I think the answer
9 is no, although I don't have a lot of experience
10 with them.
11 BY MS. LEACH:
12 Q. Is AT&T a competitor to the O&Os?
13 MR. HENTOFF: Objection to the form of
14 the question.
15 THE WITNESS: I don't think of them as
16 a competitor, no.
17 BY MS. LEACH:
18 Q. You called them jerks because they
19 donated money to what you view as a competitor?
20 A. I --
21 MR. HENTOFF: Excuse me.
22 Mischaracterizes the testimony. Asked

---

Page 174

1 and answered.
2 MS. LEACH: If we could just stick to
3 form objections, that would be great.
4 THE WITNESS: Yeah, I don't think
5 that's accurate of what I said. What I said was
6 I think in this case I referred to AT&T as a
7 jerk because they were providing $500,000 to a
8 company that was unlicensed distributor of our
9 content, and, therefore, we were losing the
10 ability to, you know, ensure the quality of our
11 content was going to be maintained throughout
12 the distribution chain.
13 BY MS. LEACH:
14 Q. Okay. That's regardless of their
15 nonprofit status?
16 MR. HENTOFF: Objection to the
17 question -- to the form of the question.
18 THE WITNESS: That's correct.
19 MS. LEACH: I have nothing further.
20 MR. HENTOFF: I have no questions.
21 Thank you very much.
22 THE VIDEOGRAPHER: Okay. Is there

---

Page 175

1 anything else we need to get on the record
2 before we go off?
3 MR. HENTOFF: I think for the
4 Plaintiffs, I'm satisfied that I put things on
5 the record that I need to.
6 THE VIDEOGRAPHER: Okay. The time is
7 4:14 p.m. Eastern, and this concludes today's
8 video deposition of Jeffrey Morris.
9 (Whereupon, at 4:14 p.m. EST
10 the deposition of JEFFREY MORRIS
11 was adjourned.)

---

Page 176

1 STATE OF CALIFORNIA )
2 COUNTY OF LOS ANGELES ) SS.
3
4 I, AUDRA E. CRAMER, CSR No. 9901, in and for the State of California, do hereby certify:
5 That, prior to being examined, the witness named in the foregoing deposition was by me duly sworn to
6 testify the truth, the whole truth and nothing but the truth;
7 That said deposition was taken down by me in shorthand at the time and place therein named, and
8 thereafter reduced to typewriting under my direction, and the same is a true, correct and complete transcript
9 of said proceedings;
10 I further certify that I am not interested in the event of the action.
11 Witness my hand this ____ day of _____, 2020.
12
13
14
15
16
17
18 _____
19 Certified Shorthand
20 Reporter for the
21 State of California
22

Page 177

1   Jeffrey Morris, c/o
    WILLIAMS & CONNOLLY LLP
2   725 TWELFTH STREET, NW
    WASHINGTON, DC 20005
3
4   Case: American Broadcasting Companies, Inc., et al. v. Goodfriend, et al.
    Date of deposition: December 4, 2020
5   Deponent: Jeffrey Morris
6
7   Please be advised that the transcript in the above
8   referenced matter is now complete and ready for signature.
9   The deponent may come to this office to sign the transcript,
10  a copy may be purchased for the witness to review and sign,
11  or the deponent and/or counsel may waive the option of
12  signing. Please advise us of the option selected.
13  Please forward the errata sheet and the original signed
14  signature page to counsel noticing the deposition, noting the
15  applicable time period allowed for such by the governing
16  Rules of Procedure. If you have any questions, please do
17  not hesitate to call our office at (202)-232-0646.
18
19
20  Sincerely,
    Digital Evidence Group
21  Copyright 2020 Digital Evidence Group
    Copying is forbidden, including electronically, absent
22  express written consent.

Page 178

1   Digital Evidence Group, L.L.C.
    1730 M Street, NW, Suite 812
2   Washington, D.C. 20036
    (202) 232-0646
3
4   SIGNATURE PAGE
    Case: American Broadcasting Companies, Inc., et al. v. Goodfriend, et al.
5   Witness Name: Jeffrey Morris
    Deposition Date: December 4, 2020
6
7   I do hereby acknowledge that I have read
    and examined the foregoing pages
8   of the transcript of my deposition and that:
9
10  (Check appropriate box):
    ( ) The same is a true, correct and
11  complete transcription of the answers given by
    me to the questions therein recorded.
12  ( ) Except for the changes noted in the
    attached Errata Sheet, the same is a true,
13  correct and complete transcription of the
    answers given by me to the questions therein
14  recorded.
15
16  _____   _____
17  DATE           WITNESS SIGNATURE
18
19
20
21  _____   _____
22  DATE           NOTARY

Page 179

1   Digital Evidence Group, LLC
2   1730 M Street, NW, Suite 812
3   Washington, D.C.  20036
4   (202)232-0646
5
6       ERRATA SHEET
7
8   Case: American Broadcasting Companies, Inc., et al. v. Goodfriend, et al.
9   Witness Name: Jeffrey Morris
10  Deposition Date: December 4, 2020
11  Page No.   Line No.   Change
12
13
14
15
16
17
18
19
20
21  _____   _____
22  Signature                Date