**ORIGINAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN BROADCASTING COMPANIES, INC., DISNEY ENTERPRISES, INC., TWENTIETH CENTURY FOX FILM CORPORATION, CBS BROADCASTING INC., CBS STUDIOS INC., FOX TELEVISION STATIONS, LLC, FOX BROADCASTING COMPANY, LLC, NBCUNIVERSAL MEDIA, LLC, UNIVERSAL TELEVISION LLC, and OPEN 4 BUSINESS PRODUCTIONS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID R. GOODFRIEND and SPORTS FANS COALITION NY, INC.,<br><br>Defendants. | No. 19-cv-7136-LLS |



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/28/21

### JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT AND PERMANENT INJUNCTION

WHEREAS, on July 31, 2019, Plaintiffs American Broadcasting Companies, Inc., Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, CBS Broadcasting Inc., CBS Studios Inc., Fox Television Stations LLC, Fox Broadcasting Company LLC, NBCUniversal Media, LLC, Universal Television LLC, and Open 4 Business Productions, LLC (collectively, "Plaintiffs") commenced the above-captioned action asserting a claim of copyright infringement seeking an injunction and monetary remedies against Defendants David R. Goodfriend and Sports Fans Coalition NY, Inc. ("SFCNY") (collectively, "Defendants") arising from SFCNY's operation of Locast, a service that provides access to local broadcast signals over the Internet to consumers; and

WHEREAS, on September 26, 2019, Defendants filed counterclaims against Plaintiffs; and

WHEREAS, on December 17, 2019, Plaintiffs and Defendants (the "Parties") entered into the December 17, 2019 Agreement ("Case Narrowing Agreement") (ECF No. 243-2), which places limits on the claims pursued by the Parties, and specifies that if the Court determines that Defendants do not qualify for the exemption under 17 U.S.C. § 111(a)(5) ("Exemption"), the Parties agree that the Court should immediately enter a Permanent Injunction barring Defendants, along with their officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with Defendants or their officers, agents, servants, employees, or attorneys (if they receive actual notice pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure) from operating Locast. The Case Narrowing Agreement also specifies that upon a finding that the Exemption does not apply, the Parties will first attempt to agree on a statutory damages award against SFCNY; and

WHEREAS, on August 31, 2021, the Court issued an Opinion and Order on the Parties' cross motions for summary judgment, denying Defendants' motion for summary judgment and granting Plaintiffs' motion for partial summary judgment based on the Court's finding that the Exemption does not apply to the Locast service;

WHEREAS, on September 15, 2021, the Court entered a Permanent Injunction, ordering that "Defendants, along with their officers, agents, servants, employees, attorneys and other persons who are in active concert or participation with Defendants or their officers, agents, servants, employees, or attorneys (if they receive actual notice pursuant to Rule 65(d)(2) of the Federal Rules of Civil procedure) are permanently restrained and enjoined from operating Locast";

WHEREAS, the Parties have agreed that Mr. Goodfriend shall be dismissed from this action but shall remain personally bound by the terms of any and all injunctive relief previously entered and to be entered by this Court;

and

THEREFORE, the Parties stipulate and agree that this Court has jurisdiction to enter a stipulated consent judgment and permanent injunction on the following terms and conditions and that the Court shall have continuing jurisdiction for purposes of enforcing the stipulated consent judgment and permanent injunction over the undersigned parties, and request that the Court enter the attached [Proposed] Stipulated Consent Judgment and Permanent Injunction ("Stipulated Consent Judgment and Permanent Injunction").

IT IS SO STIPULATED.

    Respectfully submitted,

    [SIGNATURE BLOCKS ON FOLLOWING PAGE]

/s/ _____

R. David Hosp
Lindsay Michelle Rindskopf
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Tel: (617) 880-1886
     (212) 506-3535
dhosp@orrick.com
ebrenckman@orrick.com

Mark S. Puzella (*pro hac vice*)
Sheryl Koval Garko (*pro hac vice*)
Caroline Koo Simons
Laura Brooks Najemy
222 Berkeley Street, Suite 2000
Boston, MA 02116
Tel: (617) 880-1896
     (617) 880-1919
mpuzella@orrick.com
sgarko@orrick.com
csimons@orrick.com

Erin Marie Boyd Leach
2050 Main St, Suite 1100
Irvine, CA 92614-8255
Tel: (949) 852-7766
eleach@orrick.com

Shane D. Anderson
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017
Tel: (213) 612-2377
sdanderson@orrick.com

Michael Dockterman
STEPTOE & JOHNSON LLP
227 West Monroe Street
Suite 4700
Chicago, IL 60606
Tel: (312) 577-1243
mdockterman@steptoe.com

/s/ _____

Gerson A. Zweifach
Thomas G. Hentoff (*pro hac vice*)
Joseph M. Terry (*pro hac vice*)
Tian Huang (*pro hac vice*)
Jean Ralph Fleurmont (*pro hac vice*)
Angelica H. Nguyen
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC. 20005

650 Fifth Avenue
Suite 1500
New York, NY 10019

Tel: (202) 434-5000
gzweifach@wc.com
thentoff@wc.com
jterry@wc.com
thuang@wc.com
jfleurmont@wc.com
anguyen@wc.com

*Attorneys for All Plaintiffs*

Paul D. Clement (*pro hac vice*)
Erin E. Murphy (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004

Tel: (202) 389-5000
paul.clement@kirkland.com
erin.murphy@kirkland.com

*Attorneys for Plaintiffs Fox Television Stations, LLC and Fox Broadcasting Company, LLC*

4

*Attorneys for Defendants David R. Goodfriend, Sports Fans Coalition NY, Inc., and its Board of Directors*

Mitchell L. Stoltz
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
Tel: (415) 436-9333
mitch@eff.org

*Attorneys for Defendant Sports Fans Coalition NY, Inc. and its Board of Directors*

The Court hereby enters the following Stipulated Consent Judgment and Permanent Injunction:

## STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION

1. For the purposes of this Stipulated Consent Judgment and Permanent Injunction, the following definitions shall apply:

   a. "Plaintiffs" shall mean American Broadcasting Companies, Inc., Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, CBS Broadcasting Inc., CBS Studios Inc., Fox Television Stations LLC, Fox Broadcasting Company LLC, NBCUniversal Media, LLC, Universal Television LLC, and Open 4 Business Productions, LLC.

   b. "Litigation" shall mean the entire civil action No. 19-cv-7136 in the Southern District of New York.

   c. "Locast service" shall mean the service operated by David R. Goodfriend ("Goodfriend") and Sports Fans Coalition New York ("SFCNY") that provides access to local broadcast signals over the internet to consumers that is the subject of the Litigation.

2. Plaintiffs are awarded statutory damages under the Copyright Act, 17 U.S.C. Section 101 *et seq.*, against SFCNY in the amount of $32 million.

3. Goodfriend and SFCNY, along with its officers, directors, agents, and any persons who are in active concert or participation with Goodfriend and SFCNY (if they receive actual notice pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure), are **PERMANENTLY RESTRAINED AND ENJOINED** from operating the Locast service.

Case 1:19-cv-07136-LLS Document 339 Filed 10/28/21 Page 7 of 8

4. Goodfriend and SFCNY and the directors of SFCNY, exclusively by their consent, are hereby **PERMANENTLY RESTRAINED AND ENJOINED** from operating, participating in, assisting or aiding any retransmission service relying on or purporting to rely on Section 111(a)(5) of the Copyright Act.

5. On September 15, 2021, the Court entered a separate Permanent Injunction Order (ECF No. 334). The Parties agree that the Permanent Injunction Order remains in full force and effect until the entry of this Order.

6. Any person or entity found to be in violation of this Permanent Injunction shall be subject to all applicable penalties and punishments allowed by law, including without limitation contempt of Court. The case narrowing agreement entered by the Parties on December 17, 2019, referenced by the Court in its earlier Order granting a permanent injunction shall not have any effect on the penalties or punishments allowed by law for violation of this Order.

7. All claims, counterclaims, and defenses in this action are hereby resolved by this Stipulated Consent Judgment and Permanent Injunction.

8. Defendant Goodfriend is hereby dismissed from this Litigation but remains bound by the terms of this Permanent Injunction in his personal capacity.

9. All Parties shall bear their own costs.

10. No security shall be required with respect to the entry of any of the provisions of this Permanent Injunction.

11. This Court shall retain continuing jurisdiction over the Parties and the action for purposes of enforcing and/or adjudicating claims of violations of this Permanent Injunction. The Parties irrevocably and fully waive and relinquish any argument that venue in or jurisdiction by the Court is improper or inconvenient.

SO ORDERED, this 28th day of October, 2021.

_Louis L. Stanton_
Louis L. Stanton, United States District Judge